**EMPRESA MARITIMA DE TRANS-
PORTES, S. A., Libelant,**

v.

**TRANSATLANTIC AND PACIFIC
CORP., Respondent.**

United States District Court
S. D. New York.
April 13, 1959.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, J. Edwin Carey, New York City, of counsel, for libelant.

Campbell & Watson, Manhasset, N. Y., Carl H. Watson, Jr., Manhasset, N. Y., of counsel, for respondent.

PALMIERI, District Judge.

A libel has been filed, praying that the respondent be cited to appear and answer herein and that the Court thereupon order the dispute referred to arbitration. The controversy between the parties arises from libelant's contention that respondent improperly took advantage of lay time available to the respondent under the terms of a charter party entered into between the litigants. The charter party, as alleged in the libel, provides that "in the event any dispute should arise under the charter, the same should be referred to arbitration before three parties in the City of New York." Two motions, by the libelant, are before the Court, one for discovery and inspection, pursuant to Admiralty Rule 32 and Rule 25 of the Admiralty Rules of this Court.[1] The other motion seeks an order directing the issuance of a commission to take testimony in Norfolk, Va.

Respondent opposes these motions on the ground that libelant, having elected to arbitrate, may not simultaneously invoke the pre-trial procedures of this Court. This objection is well taken. In the Matter of the Arbitration between Commercial Solvents Corp. and Louisiana Liquid Fertilizer Co., 20 F.R.D. 359 (S.D.N.Y.1957). Libelant counters with the contentions that this case is distinguishable because 9 U.S.C. § 8 (1952) permits the institution of a proceeding for arbitration by the filing of a libel and seizure of the vessel, with the Court retaining jurisdiction to direct

---

1. Although referred to in the motion papers, this Rule is no longer in existence.

See Note following Rule 32(b) of the Admiralty Rules of this Court.

arbitration. The purpose of this provision, however, was not to permit the libelant to have both the remedies of an arbitration proceeding and the pre-trial remedies available when a plenary suit is brought, but "to allow an aggrieved party the benefit of security obtained by attachment." The Sydfold, 25 F.Supp. 662, 663 (S.D.N.Y.1938). Libelant also seeks to distinguish this case from Commercial Solvents, supra, by asserting, despite its prayer for relief seeking arbitration, that "there exists a further issue as to whether the cause of action pleaded by libelant would be properly determinative by arbitrators." It also asserts that respondent's objections are premature since there has been no order of the Court referring the matter to arbitration. It is true, of course, that an arbitration clause may be waived by the parties. Nortuna Shipping Co. v. Isbrandtsen Co., 231 F.2d 528, 529 (2d Cir.), cert. denied, 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956). And it might be, that if the pre-trial procedures of this Court were utilized, the arbitration clause might be deemed to be thus waived. Cf. The Belize, 25 F.Supp. 663 (S.D.N.Y. 1938), appeal dismissed, 101 F.2d 1005 (2d Cir. 1939).

Respondent's contention that libelant, by the prayer for relief in the libel, has already sought arbitration, overlooks, however, the provision of 9 U.S.C. § 8 (1952) that the Court shall "have jurisdiction to direct the parties to proceed with the arbitration." The questions to be inquired into in determining whether such a direction shall be made are set forth in 9 U.S.C. § 4 (1952). No application for such a direction has been made. See 9 U.S.C. § 6 (1952); Instituto Cubano De Establizacion Del Azucar v. The Rodestar, 143 F.Supp. 599 (S.D.N.Y.1956).

These preliminary difficulties do not require, however, that libelant be permitted to pursue the remedies of both arbitration and a plenary suit. Whether the parties desire to arbitrate, and whether the issues are arbitrable, are matters which should be disposed of at the outset. The matter, accordingly, will be disposed of as follows:

The motion is denied, on condition, however, that respondent apply to the Court, within ten days from the receipt, by the respondent, of notice of the filing of this order, for a stay of this suit under 9 U.S.C. § 3 (1952) and a direction to proceed with arbitration under 9 U.S.C. §§ 4, 8 (1952); provided further, that if such application is contested, and the Court determines that the application should be denied, this motion shall be granted; and provided further, that if the respondent does not make such an application, it shall be deemed to have waived arbitration of the matters at dispute herein, and this motion shall be granted, on condition that libelant waive any right it might have to later seek arbitration of the matters at dispute in this suit; otherwise, the motion is denied.

So ordered.