Al MAMLIN, Appellant,

v.

SUSAN THOMAS, INCORPORATED,
Appellee.

No. 18029.

Court of Civil Appeals of Texas,
Dallas.

Jan. 18, 1973.

J. Christopher Bird, Geary, Brice, Barron & Stahl, Dallas, for appellant.

Lawrence L. Beason, Coke & Coke, Dallas, for appellee.

GUITTARD, Justice.

Our question is whether the trial court properly dismissed this suit because of plaintiff's failure to initiate arbitration proceedings in accordance with the contract between the parties. We hold that the dismissal was proper.

Plaintiff Al Mamlin alleged in his petition that he was employed by defendant Susan Thomas, Inc., a New York manufacturer, as a sales representative in Texas and five other states under a written contract providing for a commission of six per cent on shipments into his territory. He alleged that defendant made shipments into his territory in April and May of 1969 amounting to an estimated $40,000, on which no commissions had been paid. He sued for commissions of $4,800 based on that amount and also for $700 as expenses for renting a showroom at the request of defendant's sales manager. The contract, which is attached to the petition, provides, "This agreement and the provisions thereof shall be interpreted and construed in accordance with the laws of the State of New York," and further provides:

"15. ARBITRATION: Any and all claims, controversies or disputes between the parties hereto, whether or not arising out of this agreement, shall, at the demand of either party, be settled and determined by arbitration in the City of New York in accordance with the then

current arbitration rules of the American Arbitration Association and the laws of the State of New York."

Defendant filed a sworn plea in abatement alleging that it had demanded that the controversy be determined by arbitration in accordance with the agreement and that no settlement or determination by arbitration had been made. At a hearing on the plea in abatement the parties presented to the court a stipulation containing the contract and extensive correspondence between the parties and their attorneys concerning possible settlement of the controversy, some of which is dated after suit was filed on September 18, 1969. The stipulation also includes a letter to plaintiff from defendant dated March 11, 1970, demanding that the dispute be submitted to arbitration, and a copy of the "Commercial Arbitration Rules of the American Arbitration Association." On February 25, 1972, the trial court sustained the plea in abatement and ordered the parties to "commence arbitration of their disputes and differences in New York on or before April 7, 1972." This order, which was signed and entered on March 20, further provides: "If the parties do not commence arbitration in New York on or before April 7, 1972, this Court will dismiss Plaintiff's entire cause of action herein." On April 20, 1972, the court entered a final order of dismissal, reciting that neither of the parties had commenced arbitration on or before April 7. From this order plaintiff appeals.

■ Before considering which party had the duty to initiate arbitration, we must decide whether the case is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1947). § 2 of that act provides:

"A written provision in any * * * contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof * * * shall be valid, irrevocable and enforceable * * *."

"Commerce" is defined in § 1 to include "commerce among the several states." Since the allegations of the petition and the recitations in the contract show that defendant is a New York manufacturer and that the contract concerns marketing of defendant's products in several states other than New York, the contract is clearly "a transaction involving commerce" within § 2.[1]

■ Plaintiff contends that the federal act is not applicable because the parties specifically agreed that any dispute between the parties shall at the demand of either party, "be settled and determined by arbitration in the City of New York in accordance with the then current arbitration rules of the American Arbitration Association and the laws of the State of New York." Plaintiff argues that since no proof was made of the law of New York, and no motion was made to take judicial notice of New York law under Tex.R.Civ. P. 184a, the court must apply the Texas common-law rule that agreements to arbitrate future disputes are unenforceable under the public policy against contracts ousting courts of jurisdiction.[2] We overrule this contention because the Texas concept of public policy cannot prevail against

1. Prima Paint Corporation v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Hilti, Inc. v. Oldach, 392 F.2d 368, n. 6 (1st Cir. 1968).

2. REA Express v. Missouri Pac. R.R., 447 S.W.2d 721 (Tex.Civ.App., Houston [14th Dist.] 1969, writ ref'd n. r. e.); Huntington Corporation v. Inwood Construction Co., 348 S.W.2d 442 (Tex.Civ. App., Dallas 1961, writ ref'd n. r. e.).

The Texas General Arbitration Act, Vernon's Tex.Rev.Civ.Stat.Ann. arts. 224 to 238 (Supp.1972), does not apply because the agreement does not appear to comply with the requirement of that act that it be "concluded upon the advice of counsel to both parties as evidenced by counsels' signatures thereto."

the national policy as declared by the Congress in matters within its power. The Federal Arbitration Act is the law of New York and also the law of Texas with respect to any "contract evidencing a transaction involving commerce," as defined in that act. The federal act has been held to be substantive rather than procedural, and equally applicable in state and federal courts,[3] even though the contract provides that any dispute should be settled by arbitration under the laws of a particular state.[4]

■ Of course the parties to the contract have power to exclude the federal act by omitting any provision for arbitration. It does not follow, however, that contractual adoption of the law of a state under which arbitration agreements are not enforceable renders unenforceable an agreement involving interstate commerce that the Congress has declared to be enforceable.

■ Moreover, even if the parties could exclude the federal act by their contract, we are not satisfied that they intended to do so. It is reasonable to assume that these parties provided for arbitration "in accordance with * * * the laws of the State of New York" because they expected and intended that arbitration would be an effective and enforceable remedy under the laws of that state, as it would also be under the federal act. Obviously, their expectation and intention would be defeated by our applying the Texas rule that such agreements are not enforceable. When courts apply the law chosen by the parties, they do so for the purpose of giving effect to their intention. Restatement, Conflicts of Laws (Second) § 187, comment c. The law chosen by them will not be applied when it would defeat their intention by invalidating the contract, since they can be assumed to have intended that the contract be binding. *Id.*, comment e. In order to give effect to that presumed intention, when courts have a choice of law, they will apply the law which upholds the contract.[5]

■ We are not required to frustrate the parties' intention on pretense of giving effect to it. Consequently, we will not pretend to give effect to the parties' intention to be governed by the laws of New York and then presume that New York, like Texas, refuses to enforce such contracts. Accordingly, we decline to hold that this contract, by adopting New York law, evidences an intention to exclude the federal statute which declares it to be enforceable.

■ We now turn to plaintiff's contention that even if the Federal Arbitration Act applies, defendant has waived its right to arbitration. This contention also is overruled. Waiver is a matter of intention, and we find nothing in the correspondence or in the court proceedings indicating any intention to waive arbitration. Neither do we find any conduct inconsistent with an intent to insist on arbitration. The correspondence included in the stipulation shows negotiations over a period of almost a year in an effort to settle the controversy, and proceedings for arbitration

3. Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959); cert. granted 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, dism'd under rule 60, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); Lawn v. Franklin, 328 F.Supp. 791 (S.D.N.Y.1971); REA Express v. Missouri Pac. R.R., *supra*, note 2.

4. Hilti, Inc. v. Oldach, 392 F.2d 368, n. 6 (1st Cir. 1968). *Cf.* REA Express v. Missouri Pac. R.R., *supra*, note 2, which apparently held that an arbitration agreement was enforceable in Texas under the federal act, though it provided that it should be governed by the law of New York, which was not proved, but also held that the right to arbitration was waived.

5. Ryan v. M., K. & T. Ry., 65 Tex. 13 (1885); Robbins v. Pacific Eastern Corp., 8 Cal.2d 241, 65 P.2d 42, 58 (1937); Storing v. National Surety Co., 56 N.D. 14, 215 N.W. 875 (1927).

were inappropriate so long as negotiations continued. Some of these negotiations took place after suit was filed under an agreement that no answer would be required unless settlement negotiations failed. Promptly after the negotiations broke down, defendant filed its original answer, which included a plea in abatement alleging that defendant had made demand that the controversy be determined by arbitration but that no determination by arbitration had been made, and praying that the suit be abated. This plea was sustained February 25, 1972, by an order signed March 20, 1972.

We hold that these facts do not establish waiver of defendant's right to arbitration. This conclusion is supported by decisions under the federal act. Federal courts have dealt with the waiver question under § 3 of that act, which provides that if suit is brought in any federal court on any issue referable to arbitration, the court shall on application of one of the parties stay the proceedings until arbitration has been had, "providing the applicant for the stay is not in default in proceeding with such arbitration." Under this statute the federal

courts have held that a defendant is not "in default" and has not waived his right to arbitration if he promptly claims that right in his answer and applies for a stay of the proceedings in court,[6] although he may be "in default" if he delays too long or invokes the power of the court affirmatively in a suit or counterclaim of his own,[7] or if he uses discovery procedures that would not be available in arbitration.[8]

The federal courts regard the federal policy favoring arbitration as so strong as to cast a heavy burden on the party asserting waiver,[9] and some go so far as to hold that a party does not waive his right to arbitrate unless he takes some action which is not only inconsistent with arbitration but actually prejudicial to the rights of his opponent.[10] No waiver of that sort is shown here, since defendant asserted its right to arbitration promptly by its plea in abatement in the original answer.[11]

Although we have held that defendant did not waive its right to arbitration at the time of the hearing of the plea in abatement, we still must determine whether plaintiff's failure to initiate arbitration

6. Hilti, Inc. v. Oldach, 392 F.2d 368 (1st Cir. 1968); Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959), cert. granted 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, dism'd under rule 60, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625 (2d Cir. 1945).

7. Burton-Dixie Corporation v. Timothy McCarthy Constr. Co., 436 F.2d 405 (5th Cir. 1971) (fact question of waiver); American Locomotive Co. v. Chemical Research Corp., 171 F.2d 115 (6th Cir. 1948); The Belize, 25 F.Supp. 663 (S.D. N.Y.1938). Cf. Premier Petroleum Co. v. Box, 255 S.W.2d 298 (Tex.Civ.App., Eastland 1953, writ ref'd n. r. e.), 152 Tex. 321, 257 S.W.2d 105, holding that right to arbitration cannot be raised for the first time on motion for new trial.

8. Empresa Maritima de Transportes, S.A. v. Transatlantic & Pac. Corp., 200 F. Supp. 520 (S.D.N.Y.1959) (court denied motion for discovery by libellant on condition that respondent file application for

stay of suit within ten days); REA Express v. Missouri · Pac. R.R., 447 S.W. 2d 721 (Tex.Civ.App., Houston [14th Dist.] 1969, writ ref'd n. r. e.) (arbitration waived by cross-defendant by failing to invoke arbitration for over two years after filing of cross-action, and by use of discovery procedures in pending lawsuit to gain relevant information in intervening time.)

9. Hilti, Inc. v. Oldach, supra, note 6.

10. Carcich v. Rederi A/B Nordie, 389 F.2d 692 (2d Cir. 1968); Cf. Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978, 989 (2d Cir. 1942).

11. We do not give controlling significance to the circumstance relied on by appellant that the plea in abatement, which appears to be sworn to on March 10, 1970, and filed March 13, 1970, alleges that a demand for arbitration has been made, and defendant's letter demanding arbitration is dated March 11, 1970. The plea in abatement in itself is sufficient to invoke the arbitration agreement.

proceedings by April 7, 1972 in compliance with the court's order of February 25, justified dismissal of the suit. Plaintiff argues that defendant, as the party desiring arbitration, had the burden to initiate, and defendant argues that plaintiff, as the party seeking relief, had this burden. On this matter the parties' intention should control if expressed in their contract. In the absence of controlling contractual language, cases decided under the federal act hold that the party seeking relief has the "laboring oar" whenever the other party seasonably asserts his right to arbitration,[12] whereas other courts have held that the contracts before them imposed that burden on the party insisting on arbitration.[13]

The present contract differs from most of those considered in the reported decisions in that it provides that disputes between the parties "shall, *at the demand of either party,* be settled and determined by arbitration in the City of New York in accordance with the then current arbitration rules of the American Arbitration Association," (emphasis added). These rules provide for initiation of arbitration proceedings by a "demand" or notice to the other party containing "a statement setting forth the nature of the dispute, the amount involved, if any, the remedy sought," and by filing copies of such notice at any regional office of the association and paying the fee provided in the association's schedule. Plaintiff argues that defendant's letter of March 11, 1970, which states only, "this letter will serve as our demand for arbitration of the pending controversy in accordance with Paragraph 15 of the Sales Employment Agreement," is not a "demand" in compliance with the rules of the association, but is only a "demand for a demand," and that in the absence of a formal demand as specified in the rules, defendant waived its right to arbitration and plaintiff's suit should not be dismissed as a result of defendant's failure to initiate arbitration.

■■■ We do not interpret the language of this contract as meaning that a formal demand under the association's rules is required to invoke the arbitration agreement in a suit based on the contract. We think it unlikely that the parties intended that the one seeking relief should be free to litigate in the courts unless his opponent assumes the burden to initiate arbitration proceedings by paying the fee required by the association and filing a statement of the nature of the dispute, the amount claimed, and the remedy sought. This burden naturally and logically falls on the claimant. In the absence of unequivocal language which we do not find here, placing the burden to initiate on the party desiring arbitration, we hold that the burden rests on plaintiff, the party seeking relief. Since he did not initiate arbitration after the trial court ordered the arbitration to proceed, his suit was properly dismissed.

Affirmed.

12. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 70 F.2d 297 (2d Cir. 1934), affirmed and holding approved 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935); Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978, 989 (2d Cir. 1942); Necchi Sewing Machine Sales Corp. v. Carl, 260 F.Supp. 665 (S.D.N.Y.1966).

13. Sucrest Corporation v. Chimo Shipping Limited, 236 F.Supp. 229 (S.D.N.Y.1964) (agreement required arbitration to commence within six months); REA Express v. Missouri Pac. R.R., *supra,* note 2 (contract provided disagreements should be referred to arbitration "upon written notice by either party to the other, specifying the issue or issues to be arbitrated"); Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 176 A.2d 574 (Conn.1961) (failure to arbitrate asserted by tenant in defense of eviction suit).