Ken SPAIN, Appellant,

v.

HOUSTON OILERS, INCORPORATED, Appellee.

No. A2156.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 12, 1979.

Stevens F. Mafrige, Houston, for appellant.

William R. Eckhardt, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal involving an arbitration clause in the employment contract between the parties. The court below granted appellee's motion to dismiss and ordered appellant to submit his claim to arbitration.

On January 14, 1972, appellant signed a National Football League (NFL) Standard Player Contract (the contract) which by its terms was in effect from February 1, 1970 through January 31, 1974. The terms and conditions of employment specified in the contract were the result of collective bargaining between the National Football League Player's Association (NFLPA), the exclusive bargaining representative of professional football players in the NFL, and the National Football League Player Relations Association (NFLPRA), the exclusive bargaining representative of the Member Clubs of the NFL. During 1972, appellant received a disabling injury while performing his responsibilities under the contract. On August 29, 1972, appellant was released by appellee.

Article XIV of the contract provided that a player would receive at least certain minimum benefits while employed. Under this provision, appellant claims that appellee was obligated to continue paying appellant's salary while he was injured and not playing, for the duration of the season. Appellee refused to do so and appellant brought this suit. Various continuances were granted, delaying trial for approximately four years. Each of the parties requested continuances on different occasions for varying reasons and each participated in pre-trial discovery. The contract in question was negotiated under the collective bargaining provisions of the Labor Management Relations (Taft-Hartley) Act.

While state and federal courts have concurrent jurisdiction in cases involving the alleged breach of contracts negotiated pursuant to the Taft-Hartley Act, it is clear that substantive federal law must govern the interpretation and application of the terms of those contracts. National Labor Relations (Taft-Hartley) Act § 301(a), 29 U.S.C. § 185(a) (1970); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). This section provides for the filing of a suit in Federal District Court where it is "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, . . ." The U. S. Supreme Court, in *Radovich v. National Football League*, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957), determined that professional football is "commerce" as defined in the Sherman Anti-Trust Act. As that definition is virtually identical to the definition of "commerce" under the Taft-Hartley Act, the provisions of the Taft-Hartley Act and the court decisions interpreting it apply to the contract negotiated by the organizations representing the NFL players and member clubs.

Article XI, § 6, of the contract provides for mandatory arbitration of disputes relating to injuries incurred by a player while performing services required of him under the contract. Appellant contends in his first point of error that the court erred in dismissing his suit and compelling arbitration because appellee waived its right to arbitration as a matter of law. The right to have a dispute submitted to arbitration, like any other contractual right, may be waived either expressly or implicitly. *Burton-Dixie Corporation v. Timothy McCarthy Construction Co.*, 436 F.2d 405 (5th Cir. 1971). Such a waiver must be intentional. If it is to be implied, the intention must be ascertained from the facts of the case. *Mamlin v. Susan Thomas, Inc.*, 490 S.W.2d 634 (Tex.Civ.App.-Dallas 1973, no writ). Under the few federal cases which specify the standards for determining waiver of the right of arbitration, neither the failure to exercise the right to have arbitration at the commencement of litigation, nor a short delay thereafter, has constituted a waiver absent a showing of prejudice. *Carcich v. Roderi A/B Nordie*, 389 F.2d 692 (2d Cir. 1968); *ITT World Communications Inc. v. Communications Workers of America, AFL–CIO*, 422 F.2d 77 (2d Cir. 1970). Other cases, however, indicate that if the delay is excessive or if the party seeking arbitration utilizes judicial discovery procedures not available in arbitration, prior to moving for dismissal of the suit and enforcing his right to arbitration, he was waived this right. *American Loco-*

*motive Co. v. Chemical Research Corp.*, 171 F.2d 115 (6th Cir. 1948), *cert. denied*, 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074 (1949); *Carcich v. Roderi A/B Nordie, supra; Empresa Maritima de Transportes, S. A. v. Transatlantic & Pacific Corp.*, 200 F.Supp. 520 (S.D.N.Y.1959); *REA Express v. Missouri Pacific Railroad Company*, 447 S.W.2d 721 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n. r. e.). While these latter cases do not involve employment contracts, the federal policies regarding arbitration expressed therein are applicable to the facts before us. We hold that the three year, eight month lapse between the date appellee received notice of appellant's claim through the filing of this suit and the date appellee filed its motion to dismiss and compel arbitration is an unreasonable delay and prejudicial per se. Appellee's contention that the delay was necessitated by the fact that negotiations were then in progress between the NFLPA and the NFLPRA for a new contract which would be retroactive to February 1, 1974 is without merit. The latter contract could not affect appellant's claim since it arose while the 1970 contract was in effect. We hold that this long delay, in conjunction with the use of pre-trial discovery not provided for in the arbitration clause of the 1970 contract, manifested an intent on the part of appellee to waive its right to arbitration.

Reversed and remanded.