Merrill Lynch v. Morris 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00092-CV







Gerald Moore and Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Relators



v.



The Honorable Rick Morris, Respondent



&







NO. 03-96-00045-CV







Gerald Moore and Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Appellants



v.



Don Gidden, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 145,158-B, HONORABLE RICK MORRIS, JUDGE PRESIDING








 Appellee Don Gidden sued Gerald Moore and Merrill Lynch, Pierce, Fenner & Smith, Inc.
(collectively "Merrill Lynch"), appellants, claiming misrepresentations and violations of the Texas Deceptive
Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1996). 
Merrill Lynch filed a plea in abatement and motion to compel arbitration based on account agreements
between the parties. The trial court denied both the plea and motion. Merrill Lynch attacks the court's
order refusing to compel arbitration in parallel proceedings by seeking mandamus relief under the Federal
Arbitration Act (the "FAA") and bringing an interlocutory appeal under the Texas General Arbitration Act
(the "TGAA"). Concluding that the trial court abused its discretion by not compelling arbitration, we will 
conditionally grant the mandamus relief requested. Because our resolution of the mandamus action (cause
number 3-96-092-CV) renders moot the issues raised by the interlocutory appeal (cause number 3-96-045-CV), we will dismiss that appeal.



FACTUAL AND PROCEDURAL BACKGROUND


 In late 1991, Gidden executed several agreements in conjunction with opening accounts
at Merrill Lynch. Each agreement contained an arbitration clause providing that all controversies between
Merrill Lynch and Gidden be resolved by arbitration. Moore was the Merrill Lynch broker who serviced
Gidden's accounts.

 In 1993, Gidden filed a lawsuit in Bell County claiming misrepresentations and violations
of the DTPA. Merrill Lynch moved to abate the lawsuit and compel arbitration based on the prior
agreements. In its motion Merrill Lynch asserted the applicability of both the FAA and the TGAA. See
Federal Arbitration Act, 9 U.S.C.A. §§ 1-16 (West 1970 & Supp. 1996); Texas General Arbitration Act,
59th Leg., R.S., ch. 689, § 1, 1965 Tex. Gen. Laws 1593 (Tex. Rev. Civ. Stat. Ann. arts. 224 to 238-20,
since repealed and redesignated Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.023 (West Supp.
1996)). In November 1994, the court rendered an agreed order abating the case pending the completion
of arbitration. Subsequently, neither party took any action to initiate arbitration proceedings.

 In April 1995, Gidden filed a motion to set aside the agreed order of abatement, alleging
that Merrill Lynch had waived its right to demand arbitration by failing to initiate arbitration proceedings
once the case had been abated. In December 1995, the trial court set aside the order of abatement and
refused to compel arbitration.

 Merrill Lynch attacks the court's order by both interlocutory appeal and petition for writ
of mandamus. As required by Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992), Merrill
Lynch seeks mandamus relief under the FAA and brings an interlocutory appeal under the TGAA.


DISCUSSION


 Once it is established that an agreement exists under the FAA and that the claims raised
are within the scope of the agreement, a trial court has no discretion, but must, absent waiver, compel
arbitration and stay its proceedings pending arbitration. Cantella & Co. v. Goodwin, 924 S.W.2d 943,
945 (Tex. 1996) (orig. proceeding); see also Shearson Lehman Bros. v. Kilgore, 871 S.W.2d 925, 928
(Tex. App.Corpus Christi 1994, orig. proceeding). Gidden does not dispute the fact that the FAA
applies to his agreements with Merrill Lynch and that his claims in the underlying lawsuit are subject to
arbitration.

 Gidden argues instead that Merrill Lynch waived its right to arbitration. His sole contention
is that the party seeking abatement bears the burden of commencing the arbitration and that failure to do
so waives the right to arbitration. We disagree. First, consistent with the recognized presumption against
waiver of arbitration rights, mere delay by Merrill Lynch does not waive its right to arbitration. See
Prudential Sec., Inc. v. Marshall, 909 S.W.2d 896, 898-99 (Tex. 1995). More important, the law and
applicable arbitration rules place the burden on Gidden, the plaintiff or claimant in this case, to commence
the arbitration process.

 The burden of initiating an arbitration is controlled by the language expressed in the parties'
written arbitration agreement. Mamlin v. Susan Thomas, Inc. 490 S.W.2d 634, 639 (Tex. Civ.
App.Dallas 1973, no writ). In the present case, the parties' written arbitration agreements specifically
provide that any arbitration under the agreements shall be conducted in accordance with the arbitration
rules of the selected arbitration forum. (1) In accordance with these agreements, Merrill Lynch requested that
Gidden select an arbitration forum. When Gidden did not make a selection within the time required by the
agreement, Merrill Lynch selected the National Association of Securities Dealers, Inc. (the "NASD") to
hear the dispute. Thus, under the agreements in the present case, the NASD arbitration rules govern who
has the burden to initiate the arbitration.

 The NASD arbitration rules specify that the burden to initiate the arbitration proceedings
and pay the required fee is on the party seeking relief. Section 25(a) of the NASD code provides in
pertinent part:



 The Claimant shall file with the Director of Arbitration an executed Submission
Agreement, a Statement of Claim of the controversy in dispute, together with the
documents in support of the Claim and required deposit. . . . The Statement of Claim shall
specify the relevant facts and remedies sought.



N.A.S.D. Manual (CCH) ¶ 3725. In addition, section 25(b) of the NASD code provides that the
respondent is required to file an answer to the statement of claim: "The Answer shall specify all available
defenses and relevant facts thereto that will be relied upon at the hearing and may set forth any related
Counterclaim the Respondent(s) may have against the Claimant . . . ." Id. (2) Therefore, the NASD code,
under which the parties are to arbitrate this claim pursuant to their agreements, unquestionably provides for
the party asserting the claim, i.e., the plaintiff, to initiate arbitration proceedings. See Nazon v. Shearson
Lehman Bros., Inc., 832 F. Supp. 1540, 1542 (S.D. Fla. 1993).

 Because Gidden effectively agreed to abide by the NASD rules in his agreement with
Merrill Lynch, and because those rules require the party seeking relief to initiate arbitration, Gidden had
the burden to commence arbitration proceedings if he wished to pursue his claims against Merrill Lynch. 
Otherwise, Gidden, the party seeking relief, could freely litigate in the courts unless Merrill Lynch, the party
from whom relief was sought, assumed the burden of initiating arbitration proceedings by paying the
required fee and filing a statement of claim describing the relevant facts and the remedies sought. If that
were the case, Gidden, as the respondent under the rules, would then be required to file an answer that
raised Merrill Lynch's defenses and counterclaims. See NASD Manual (CCH) ¶ 3725, Section 25(b). 
This scenario is not reasonable and clearly not the design of the rules. 

 Even in the absence of the arbitration clause binding the parties to the NASD rules,
however, we believe that Gidden, as the plaintiff, carried the burden of initiating the arbitration. If the
parties' intention cannot be discerned from the contract, then the "party seeking relief has the `laboring oar'
[to initiate arbitration] whenever the other party seasonably asserts his right to arbitration." Mamlin, 490
S.W.2d at 639. Courts' interest in resolving disputes is furthered by requiring the parties who believe they
have cognizable claims to actively pursue those claims. We conclude, therefore, that in the absence of a
controlling arbitration clause, the burden rests on the party seeking relief to begin the arbitration process
when the other party has properly asserted his right to arbitration.

 Mandamus will issue only to correct a clear abuse of discretion when the abuse cannot be
remedied by appeal. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Here, the trial court
misapplied the law to the facts of this case and thus abused its discretion. See Tipps, 842 S.W.2d at 271. 
A party who is erroneously denied the right to arbitration under the FAA has no adequate remedy at law,
and mandamus relief is appropriate. Cantella, 924 S.W.2d at 945; Marshall, 909 S.W.2d at 900.


CONCLUSION


 Because we hold that the trial court abused its discretion in setting aside the abatement and
refusing to compel arbitration, we conditionally grant the writ of mandamus requested in cause number 3-96-092-CV. We direct the trial court to abate the proceedings below and order that Gidden's claims be
compelled to arbitration under the Federal Arbitration Act. The clerk is instructed to issue the writ only
should the trial court fail to do so.

 Because the arbitration agreement is enforceable under the Federal Arbitration Act, we
do not reach the issues raised in Merrill Lynch's interlocutory appeal concerning the Texas General
Arbitration Act. (3) Because the applicability of the Texas Act is a moot issue, we dismiss the interlocutory
appeal in cause number 3-96-045-CV.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Writ of Mandamus Conditionally Granted in Cause No. 3-96-00092-CV;

Interlocutory Appeal Dismissed in Cause No. 3-96-00045-CV

Filed: October 9, 1996

Publish

1.   The arbitration clause in the agreements provides:


Any arbitration under this agreement shall be conducted only before the New
York Stock Exchange, Inc., the American Stock Exchange, Inc. or arbitration
facility provided by any other exchange of which Merrill Lynch is a member, the
National Association of Securities Dealers, Inc., or the Municipal Securities
Rulemaking Board, and in accordance with its arbitration rules then in force. The
client may elect in the first instance whether the arbitration shall be conducted before the
New York Stock Exchange, Inc., the American Stock Exchange, Inc. or other exchange
of which Merrill Lynch is a member, the National Association of Securities Dealers, Inc.
or the Municipal Securities Rulemaking Board, but if the client fails to make such an
election, by registered letter or telegram addressed to Merrill Lynch at its main office,
before the expiration of five days after receipt of a written request from Merrill Lynch to
make such an election, then Merrill Lynch may make such an election. . . .


(Emphasis added.)
2.   The relevant provisions of the New York Stock Exchange rules are identical to those of
the NASD code. See New York Stock Exchange Guide (CCH) ¶ 2612.
3.   Under the supremacy clause of the United States Constitution, the FAA preempts all
otherwise applicable state laws, including the TGAA. See U.S. Const. art. VI. cl. 2; BWI
Companies, Inc. v. Beck, 910 S.W.2d 620, 621 (Tex. App.--Austin 1995, orig. proceeding).


ting the arbitration. If the
parties' intention cannot be discerned from the contract, then the "party seeking relief has the `laboring oar'
[to initiate arbitration] whenever the other party seasonably asserts his right to arbitration." Mamlin, 490
S.W.2d at 639. Courts' interest in resolving disputes is furthered by requiring the parties who believe they
have cognizable claims to actively pursue those claims. We conclude, therefore, that in the absence of a
controlling arbitration clause, the burden rests on the party seeking relief to begin the arbitration process
when the other party has properly asserted his right to arbitration.

 Mandamus will issue only to correct a clear abuse of discretion when the abuse cannot be
remedied by appeal. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Here, the trial court
misapplied the law to the facts of this case and thus abused its discretion. See Tipps, 842 S.W.2d at 271. 
A party who is erroneously denied the right to arbitration under the FAA has no adequate remedy at law,
and mandamus relief is appropriate. Cantella, 924 S.W.2d at 945; Marshall, 909 S.W.2d at 900.


CONCLUSION


 Because we hold that the trial court abused its discretion in setting aside the abatement and
refusing to compel arbitration, we conditionally grant the writ of mandamus requested in cause number 3-96-092-CV. We direct the trial court to abate the proceedings below and order that Gidden's claims be
compelled to arbitration under the Federal Arbitration Act. The clerk is instructed to issue the writ only
should the trial court fail to do so.

 Because the arbitration agreement is enforceable under the Federal Arbitration Act, we
do not reach the issues raised in Merrill Lynch's interlocutory appeal concerning the Texas General
Arbitration Act. (3) Because the applicability of the Texas Act is a moot issue, we dismiss the interlocutory
appeal in cause number 3-96-045-CV.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Writ of Mandamus Conditionally Granted in Cause No. 3-96-00092-CV;

Interlocutory Appeal Dismissed in Cause No. 3-96-00045-CV

Filed: October 9, 1996

Publish

1.   The arbitration clause in the agreements provides:


Any arbitration under this agreement shall be conducted only before the New
York Stock Exchange, Inc., the American Stock Exchange, Inc. or arbitration
facility provided by any other exchange of which Merrill Lynch is a member, the
National Association of Securities Dealers, Inc., or the Municipal Securities
Rulemaking Board, and in accordance with its arbitration rules then in force. The
client may elect in the first instance whether the arbitration shall be conducted before the
New York Stock Exchange, Inc., the American Stock Exchange, Inc. or other exchange
of which Merrill Lynch is a member, the National Association of Securities Dealers, Inc.
or the Municip