In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00208-CV

____________


LISA HARRINGTON, Appellant


V.


JOHNNY NEIL TAYLOR, Appellee






On Appeal from the 309th District Court

Harris County, Texas

Trial Court Cause No. 96-16528






O P I N I O N

 After a suit to modify the terms of a child support order, the trial court denied
appellant's request for attorney's fees. Appellant appeals the trial court's order that
denied her attorney's fees.

Background


 On May 9, 1997, appellant, Lisa Harrington, and appellee, Johnny Neil Taylor,
signed an agreed decree of divorce that provided for child support paid by Taylor,
among other things. The decree also contained a "Duty to Mediate" clause that stated
that attorney's fees in the amount of $2,500 would be paid by either party who
commences an action without submitting the claim to mediation first. On February
7, 2000, Taylor filed a petition to reduce his child support payments. In response,
Harrington filed an answer to the suit, in which she stated that she had to retain an
attorney, and therefore, Taylor should pay her attorney's fees. She also filed a
counter-petition on October 2, 2000, seeking to increase the child support payments. 
Neither party attempted mediation. 

 At the end of trial, Harrington asked the trial court to award $2,850 in
attorney's fees and take judicial notice of the clause awarding attorney's fees in the
decree of divorce. In its order on February 9, 2001, the trial court denied
Harrington's request for attorney's fees. 

 In her sole point of error, Harrington argues that she is entitled to $2,500 in
attorney's fees as a matter of law. 

 In one cross point, Taylor argues that Harrington should be sanctioned for
filing a frivolous appeal. 

 A marital property agreement is treated as a contract. As such, its meaning is
governed by the law of contracts, even though the agreement is incorporated into a
final divorce decree. McGoodwin v. McGoodwin, 671 S.W.2d 880, 882 (Tex. 1984). 
The language of a contract shall be given its plain grammatical meaning if possible,
and the court should avoid any construction that is unreasonable, inequitable, and
oppressive. Reilly v. Rangers Management, Inc., 727 S.W.2d 527, 529 (Tex. 1987). 
If a contract is unambiguous, the courts will give effect to the intention of the parties
as expressed in the agreement. Dechon v. Dechon, 909 S.W.2d 950, 956 (Tex.
App.--El Paso 1995, no writ). The entire agreement must be interpreted in such a
way that all its provisions are given effect and that none are rendered meaningless. 
See Soto v. Soto, 936 S.W.2d 338, 341 (Tex. App.--El Paso 1996, no writ); Praeger
v. Wilson, 721 S.W.2d 597, 600-01 (Tex. App.--Fort Worth 1986, writ ref'd n.r.e.). 
In other words, every attempt must be made to harmonize all of the provisions within
the agreement. Soto, 936 S.W.2d at 341. Each provision must be considered with
reference to the whole agreement. Id. A contract is ambiguous only if there is
uncertainty as to which of two meanings is correct. Dechon, 909 S.W.2d at 956;
Kurtz v. Jackson, 859 S.W.2d 609, 611 (Tex. App.--Houston [1st Dist.] 1993, no
writ). Ambiguity is a question of law for the court. Soto, 936 S.W.2d at 341. 

 Taylor argues that the mediation clause is ambiguous because it is subject to
two interpretations. Specifically, he contends that his claim for a decrease in child
support does not arise under the decree, but rather a change in his earning capacity. 

 The Duty to Mediate clause provides:

IT IS ORDERED AND DECREE [sic], and the parties
agree, that any claim or controversy arising under this
Decree that is not resolved by the parties through direct
communication without mediation, shall be submitted to
mediation before any party commences any action in the
court. IT IS FURTHER ORDERED AND DECREED, and
the parties agree, that if either party commence [sic] any
legal action prior to submitting the claim or controversy to
mediation, then that party shall pay the other parties'
attorneys fees incurred in connection with such action, up
to and including the amount of $2,500.


 The language used in the clause is clear and concise. The clause plainly
provides that a party who brings a cause of action without mediating first will owe
up to $2,500 in attorney's fees. After reviewing the decree of divorce, we conclude
that the duty to mediate clause is not ambiguous. 

 In this case, Taylor brought a suit to modify his child support payments,
without first attempting mediation. At the end of trial, Harrington's attorney testified
that her reasonable and necessary attorney's fees equaled at least $2,500. Thus, by
the plain meaning of the Duty to Mediate clause, Taylor owes Harrington $2,500 for
not attempting to mediate first. 

 Taylor argues next that Harrington is not entitled to attorney's fees because she
breached the contract when she countersued him for an increase in child support. In
Mead v. Johnson Group, Inc., the Texas Supreme Court stated that a party in default
on a contract is not relieved by the other party's subsequent breach. 615 S.W.2d 685,
689 (Tex. 1981). Here, after Taylor filed suit to decrease his child support payments,
Harrington had to retain an attorney. She subsequently filed a countersuit seeking to
increase Taylor's child support payments. Her filing a countersuit without first
attempting mediation does not relieve Taylor of his initial breach. See id. Thus, by
the plain meaning of the decree of divorce, the trial court should have awarded $2,500
in attorney's fees to Harrington, as a matter of law. 

 Taylor also argues that Harrington has waived the requirements of the
mediation clause because she invoked the judicial process. See Ez Pawn Corp. v.
Mancias, 934 S.W.2d 87, 89 (Tex. 1996); Spain v. Houston Oilers, Inc., 593 S.W.2d
746, 747 (Tex. App.--Houston [14th Dist.] 1979, no writ). He contends that, because
Harrington went to trial, she has waived her rights under the decree of divorce.

 Taylor relies on Ez Pawn and Spain; however, these two cases are
distinguishable for a number of reasons. First, both cases concerned arbitration
clauses, rather than mediation clauses. Second, both cases were analyzed under
federal law. Third, the issue in each case was whether one of the parties had waived
the right to request arbitration. Here, the instant case neither concerns an arbitration
clause, nor a request for mediation. Moreover, as soon as Taylor brought suit to
decrease his child support payments, Harrington had to retain an attorney to preserve
her rights. In her answer to Taylor's suit, she specifically requested attorney's fees. 
Accordingly, we hold that Harrington's claims for attorney's fees have not been
waived.

 We sustain Harrington's sole point of error.

 In one cross-point, Taylor argues that we should sanction Harrington for filing
a frivolous appeal and award him $2,500 in damages. Because we sustain
Harrington's sole point of error, we conclude that Harrington did not file a frivolous
appeal. 

 We overrule Taylor's sole cross point.

Conclusion


 We affirm the judgment in part and modify the judgment to order that Taylor
pay Harrington $2,500 in attorney's fees. We affirm the judgment as modified. 

 

 Adele Hedges

 Justice


Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.4.