Jerry V. DeMOSS and J & B Corporation, Plaintiffs, Appellees,

v.

KELLY SERVICES, INC., Defendant, Appellant.

Nos. 73-1182, 73-1253.

United States Court of Appeals, First Circuit.

Argued Feb. 8, 1974.

Decided March 18, 1974.

Noel Gonzalez-Miranda, Hato Rey, P. R., with whom Sweeting, Gonzalez & Rodriguez, Hato Rey, P. R., was on brief, for Jerry V. DeMoss and J & B Corp.

Herman W. Colberg, San Juan, P. R., with whom Reichard & Colberg, San Juan, P. R., and Cedric A. Richner, Jr., Detroit, Mich., were on brief, for Kelly Services, Inc.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

These are cross appeals challenging the action of the district court in giving each party only part of the interlocutory relief prayed for pending final resolution of a dispute between a mainland United States dealer (in services) and his Puerto Rican distributor. The question of more widespread importance in Puerto Rico is a legal one, whether, in light of the "hands off" posture which federal courts are compelled to maintain toward interpretation of Law 75 under Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970), such courts must desist from all adjudication, although of a non-constitutional nature, until the Supreme Court of Puerto Rico has spoken to the precise issue. The second question, of principal interest to the parties, is whether the court abused its discretion in giving less than complete relief requested.

Since 1964 DeMoss[1] has operated a temporary help business in San Juan, Puerto Rico, under a dealership contract with Kelly Services, Inc., a nationwide company. The letter of agreement between the parties provided in part that the manager "shall not operate any other business without Kelly's prior written

1. While J & B Corporation is also a party, we shall refer only to DeMoss.

permission". Sometime after the agreement was executed, DeMoss, without seeking Kelly's approval, acquired ownership and began to operate an employment agency called Careers, Inc., which shared part of the Kelly facilities. As soon as Kelly learned of this activity it informed DeMoss that conducting Careers, Inc. was violative of their dealership contract. When DeMoss, after some backing and filling, refused to discontinue the employment agency, Kelly terminated the dealership agreement.

The first move made by Kelly was to seek return of property and injunctive relief in federal district court. DeMoss immediately followed suit in the Superior Court of Puerto Rico seeking damages and injunctive relief against Kelly for termination of a dealership contract in alleged violation of Law 75,[2] which provides that no such contract may be unilaterally terminated by the principal except for "just cause". The Superior Court granted ex parte temporary relief by enjoining the termination of the dealership contract under Article 3A of Law 75.[3] Kelly then removed the case to the federal district court pursuant to 28 U.S.C. § 1441 and § 1332, moved to set aside the restraining order issued by the Puerto Rico Superior Court and, consistent with its earlier request for injunctive relief against DeMoss, moved separately under Article 3A for an order prohibiting DeMoss from continuing to operate his employment agency. The court, resting solely on the authority of Article 3A, refused to set aside the Superior Court order enjoining termination of the dealership contract, granted Kelly's request that Careers, Inc. be terminated,[4] concluding that "pending a final definition of 'just cause' by the

Commonwealth Supreme Court . . . leaving things as they stand presently would best serve the interests of the parties and the public policy that law 75 was designed to effectuate." Both parties appeal.

While the court, as its quoted words indicate, deemed itself restrained by *Fornaris* from deciding the merits, it did not feel similarly barred from granting provisional relief under Article 3A. DeMoss argues that, under *Fornaris*, even a provisional remedy cannot be afforded the principal against his agent. Kelly urges that *Fornaris* bars neither provisional nor ultimate relief. Strictly, only the availability and the appropriateness of the provisional relief granted is presented by these appeals. Nonetheless, in light of the clear intention of the court to abstain from deciding the merits until a decision by the Supreme Court of Puerto Rico applying "just cause" to the facts at hand, it is necessary that we resolve the question of what *Fornaris* requires of the federal court, rather than leave the parties and the court in limbo.

The salient portion of *Fornaris* is:

"Whether the Supreme Court of Puerto Rico, would give the same broad sweep to 'just cause' as did the Court of Appeals is something we do not know. It is conceivable that 'just cause' might be judicially confined to a more narrow ambit which would avoid all constitutional questions. We therefore reverse and direct the Court of Appeals to remand the cases to the District Court with instructions to hold its hand until the Puerto Rican Supreme Court has authoritatively ruled on the local law question in light of the federal claims. See England v.

2.  10 L.P.R.Ann. § 278 et seq., June 24, 1964.

3.  Article 3A of Law 75 provides: "[T]he Court may grant during the time the litigation is pending solution any provisional remedy or measure of any interdictory nature to do or to desist from doing, ordering any of the parties or both to continue in all its terms the relation established by the dealer's contract, and/or to abstain from performing

any act or any omission in prejudice thereof. In any case in which the provisional remedy herein provided is requested, the Court shall consider the interests of all parties concerned and the purposes of the public policy contained in this chapter."

4.  This termination was stayed on bond pending this appeal.

Medical Examiners, 375 U.S. 411, 420, 84 S.Ct. 461, 11 L.Ed.2d 440" 400 U.S. at 44, 91 S.Ct. at 158. [Footnote omitted.]

In the case now before us, no constitutional issue is presented by the merits or by the requests for temporary relief. The merits present only a question of statutory construction, the sole issue being whether DeMoss' violation of the letter of agreement constituted "just cause" within the meaning of Law 75. There are no "federal claims" at issue here. While thus far the Puerto Rican Supreme Court has only described lack of "just cause" under Law 75 as termination of a distributor contract "for causes not imputable to the distributor", Warner Lambert Co. (American Chicle Co. Division) v. Superior Court of Puerto Rico, San Juan Part, —— P.R.R. —— (May 9, 1973), the Supreme Court did not intend that the concept be fully fleshed out by Commonwealth decisions before it could be applied in a diversity case. *Fornaris* ruled that a federal court must decline to construe a Puerto Rican statute so as to render it unconstitutional and hold its hand until the Supreme Court of Puerto Rico has provided an authoritative interpretation of the particular point in issue. There is no argument as yet presented that any construction of "just cause" as applied to the facts in this case will render the statute unconstitutional. Since generic concepts are seldom so illumined by specific cases that decision becomes automatic, a reading of *Fornaris* that would bar dealing with the application of, rather than a constitutional assault upon, Law 75 would be no less than the removal of diversity jurisdiction in dealership contract cases from federal courts.

Indeed, the logic of such a reading would reach far beyond Law 75. It would dictate that diversity jurisdiction would for all practical purposes be eliminated whenever the Puerto Rican legislature enacted a statute newly defining rights and obligations. While we might welcome such a relief for the federal docket, we cannot read into *Fornaris* such far-ranging implications. So long as a case does not present constitutional issues which conceivably might be avoided by a construction of the Supreme Court of Puerto Rico, the federal court is obliged to proceed to the merits of a Law 75 case.

 It follows, a fortiorari, that the court was not foreclosed from utilizing the provisional remedy of Article 3A, enacted, we note, subsequent to the decision in *Fornaris*. In addition, the court below properly applied the statute. To read this statute, as does DeMoss, as precluding relief to a principal is to selectively blot out some of its specific language. The court was within its discretion in finding that public policy and the interests of the parties would be best served by strict temporary enforcement of the letter of the agreement. The availability of temporary relief under Article 3A is not tied to a showing of irreparable injury or to probability of success in the case on the merits, but rather to the policies of the Act in promoting the continuation of dealership agreements and the strict adherence to the provisions of such agreements. The district court properly treated Article 3A as substantive law under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The temporary relief statute is inextricably tied to the policies of the Act as a whole, affecting the duration of the mutual obligations of the parties when they enter into a dealership agreement.

Both parties have urged that the district court abused its discretion either under Article 3A, or under traditional equitable principles, or both in underestimating their probability of success on the merits and their irreparable loss in the meantime. Suffice it to say that DeMoss, if ultimately successful, would be compensated for the lost opportunity enforced on him by discontinuing his nascent business, while the cause of irreparable injury to Kelly will have been

eliminated by the termination of Careers, Inc. We find no abuse of discretion as to either party.

The orders of the district court are affirmed.