CARIBBEAN INSURANCE SERVICES, INC., Plaintiff, Appellee,

v.

AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Defendant, Appellant.

No. 83–1032.

United States Court of Appeals, First Circuit.

Argued June 10, 1983.

Decided Aug. 24, 1983.

---

**18**

Patrick J. Wilson, with whom Fradique A. Rocha, and O'Neill & Borges, Hato Rey, P.R., were on brief, for defendant, appellant.

Carlos G. Latimer, San Juan, P.R., with whom Jerome Murray, Robert Post, New York City, and Ramirez, Segal & Latimer, San Juan, P.R., were on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and TORRUELLA,* District Judge.

LEVIN H. CAMPBELL, Chief Judge.

On August 28, 1979, plaintiff Caribbean Insurance Services, Inc. ("Caribbean"), a corporation organized under the laws of Puerto Rico, agreed to act within Puerto Rico as the exclusive general agent of defendant American Bankers Life Assurance Company of Florida ("American Bankers"). After nearly three years and the payment of substantial commissions to Caribbean under the terms of the general agency agreement, American Bankers notified Caribbean that it was cancelling the agreement pursuant to a provision authorizing termination upon 60 days' notice. Asserting diversity as a basis of jurisdiction, Caribbean filed suit on June 22, 1982 in the United States District Court for the District of Puerto Rico alleging that the termination violated its contractual rights under Law 75 of June 24, 1964, P.R.Laws Ann. tit. 10, §§ 278 *et seq.* American Bankers filed an answer in August, and three months later entered into a stipulation designed to accelerate trial on the merits. Neither the answer nor stipulation suggested in any way that American Bankers sought arbitration or believed that arbitration was appropriate. On December 13, 1982, however, American Bankers moved for the first time for a stay of further proceedings pending arbitration and for an order compelling arbitration. From an order of the district court denying these motions, defendant has appealed. We affirm.

Paragraph 20 of the parties' general agency agreement provides for the submission to arbitration of any "misunderstanding as to the interpretation or application of any provision of this agreement." Despite the policies favoring the arbitration of contractual disputes when the parties

* Of the District of Puerto Rico, sitting by designation.

have so agreed, *Hilti, Inc. v. Oldach*, 392 F.2d 368, 371 (1st Cir.1968), it has long been recognized that parties may waive their right to arbitration and present their dispute to a court. *See Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union No. 633*, 671 F.2d 38, 44 (1st Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 257, 74 L.Ed.2d 200 (1983); *Gutor International AG v. Raymond Packer Co.*, 493 F.2d 938, 945 (1st Cir.1974); *Demsey & Associates, Inc. v. S.S. Sea Star*, 461 F.2d 1009, 1018 (2d Cir.1972). We hold that defendant's entry into the stipulation dated November 22, 1982, which provided for an expeditious trial, effectively waived its right to arbitration.

We briefly summarize the skirmishing that preceded adoption of the stipulation. On August 11, 1982, contending that it was entitled to certain commissions pending final resolution of its claim of wrongful termination, Caribbean moved for an award of provisional payments pursuant to section 3A of Law 75, P.R.Laws Ann. tit. 10, § 278b–1. In a strongly worded order dated November 5, 1982, the district court approved plaintiff's request for interim commissions. The court noted that American Bankers had admitted its obligation to pay certain commissions in a writing filed in August. Recognizing that two and a half months had passed since that admission, the court ordered defendant to pay the identified commissions "forthwith" and to provide a detailed account of its income from relevant sources. The court advised American Bankers that "serious sanctions will be imposed if such moneys are not deposited with this Court for disbursement to plaintiff on or before November 12." A hearing was subsequently scheduled for November

22 to consider Caribbean's claimed entitlement to other provisional remedies.

Notwithstanding this threat of serious sanctions, American Bankers failed to comply with the court's order, filing instead a motion to reconsider. In a response dated November 17, Caribbean vigorously opposed this as a delaying tactic and reasserted its claim of entitlement to payment of commissions. In addition, observing that its best remedy was a speedy trial, Caribbean agreed to drop its request for other provisional remedies in addition to the payment of commissions if the court imposed on defendant a discovery schedule stringent enough to permit trial of the case within three or four months.

Following this motion, the parties entered into negotiations which led to the stipulation in question. Dated November 22, the date of the scheduled hearing on Caribbean's claim for provisional remedies, the stipulation recited that American Bankers had paid plaintiff the overdue premiums, had agreed to pay future amounts as they came due, and had agreed to furnish an accounting to verify these sums. It also recited that the "best remedy available to plaintiff is a speedy trial and that such remedy will be an adequate substitute for the [additional] provisional remedies requested by plaintiff." To ensure a speedy trial in accordance with this statement of purpose, the stipulation stated that it was "to be interpreted in such a way that pre-trial and trial may be held in the month of March 1983 if the Court so approves." It further provided an accelerated discovery schedule designed to complete the discovery process by late February 1983.[1]

While the stipulation did not contain an express waiver of arbitration, it set forth American Bankers's promise to proceed to

---

**1.** Prior to claiming a right of arbitration, American Bankers engaged in some discovery, a factor which provides additional support for our finding of a waiver. *See Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union No. 633*, 671 F.2d 38, 44 (1st Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 257, 74 L.Ed.2d 200 (1983). Contrary to defendant's assertion, this discovery was not conditioned upon any claimed right of arbitration—the first mention

of arbitration was made on December 9 and the copying of documents took place on November 24. Thus, this court's decision in *Hilti, Inc. v. Oldach*, 392 F.2d 368, 371–72 (1st Cir.1968) (refusing to treat defendant's discovery efforts as waiver where defendant had previously notified plaintiff of intention to claim arbitration and discovery concerned non-arbitrable issues), is of no assistance to defendant.

trial speedily. In return for this, American Bankers received a reprieve from a likely contempt finding. The stipulation was entirely inconsistent with American Bankers's subsequent and sudden assertion of a right to arbitration in lieu of a trial. We have held that a party's willingness to submit a dispute to trial on the merits may imply a waiver of the right to arbitration. *See Jones Motor Co.*, 671 F.2d at 44 (finding waiver where union engaged in discovery, presented a motion for summary judgment, and awaited the outcome of the district court's determination on the merits). *See also Demsey & Associates, Inc.*, 461 F.2d at 1018 (finding waiver where defendant filed counterclaim and proceeded to trial on the merits before claiming arbitration). Here, where Caribbean successfully bargained for the express right to an early trial on the merits, the case for a waiver is significantly stronger than in *Jones Motor Co.*, where a waiver was inferred from the union's conduct.

■ American Bankers contends that Paragraph (I) of the stipulation expressly reserved its right to arbitration by preserving its "rights . . . and defenses." We do not agree. Paragraph (I) recites that defendant has paid certain commissions and then goes on to provide that

> Such payment is not an admission by defendant that such amount is owed and defendant reserves the right to contest said matter in the trial. Also, payment is being made without prejudice to defendant's rights, including its right to contest any orders on appeal, and defenses and without limiting the generality of the foregoing, the right to establish cause for termination of its relationship with plaintiff.

This provision was intended to prevent Caribbean from arguing that the payment of interim premiums constituted an admission of liability on the merits. Defendant's waiver of arbitration follows from its unconditional agreement to a speedy trial on the merits, not from its agreement to pay the premiums. If anything, by speaking of "the trial," Paragraph (I) strengthens the inference of waiver.

■ American Bankers argues that it was free to rescind its waiver of arbitration because Caribbean will not be prejudiced. *See Gavlik Construction Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir.1975); *J & S Construction Co. v. Travelers Indemnity Co.*, 520 F.2d 809, 810 (1st Cir.1975). However, Caribbean expressly bargained for a speedy trial and gave up its claim to additional provisional remedies in exchange for such a trial. Caribbean's surrender of these remedies, with prejudice, constitutes adequate consideration under traditional contract principles to bind American Bankers to its agreement to proceed to trial. *See Restatement (Second) of Contracts* § 74(2) (written surrender of a legal claim good consideration). It is irrelevant whether or not, as American Bankers argues, *DeMoss v. Kelly Services, Inc.*, 493 F.2d 1012, 1015 (1st Cir.1974), would have precluded the entry by a court of provisional remedies during this period while the constitutionality of Law 75 was still under attack. It was enough that Caribbean might reasonably have believed in good faith that provisional remedies were available if pursued.

We have carefully considered defendant's remaining assignments of error, including its argument that the district court erred in denying oral argument on its motion to compel arbitration, and we find them without merit. Having concluded that American Bankers' agreement to proceed to trial foreclosed its later claim of a right to arbitration, we affirm the district court's order denying the motions for a stay pending arbitration, and for an order compelling arbitration.

*Affirmed; double costs are awarded to appellee.*