**LUIS ROSARIO, INC., et al.,**
**Plaintiffs, Appellants,**

v.

**AMANA REFRIGERATION, INC., et al.,**
**Defendants, Appellees.**

**No. 83–1852.**

United States Court of Appeals,
First Circuit.

Argued April 2, 1984.
Decided May 3, 1984.

Edelmiro Salas Garcia, Hato Rey, P.R., for plaintiffs, appellants.

Alberto J. Pico, Jr., San Juan, P.R., with whom Sara E. de Jesus Kellogg, and Brown, Newsom & Cordova, San Juan, P.R., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and HUNTER,[*] Senior District Judge.

BREYER, Circuit Judge.

The appellant, Luis Rosario, Inc., was Amana Refrigeration's exclusive dealer in Puerto Rico. Amana terminated its contract, however, because in Amana's view, Rosario's performance was poor; it sold few of Amana's products, it did not run its own service organization, it did not have an adequate inventory of Amana parts and products and it did not extend financial terms to its clients. Rosario sued Amana under the Puerto Rico Dealer's Act, 10 L.P.R.A. § 278 *et seq.* (commonly known as "Act 75") which prohibits dealer termination without "just cause." 10 L.P.R.A.

---

[*] Of the Western District of Missouri, sitting by designation.

§ 278a. Rosario sought a preliminary injunction under Article 3A of that Act, 10 L.P.R.A. § 278b–1, which provides:

> In any litigation in which there is ... involved the termination of a dealer's contract ..., the Court may grant, during the time the litigation is pending solution, any provisional remedy ... ordering any of the parties, or both, to continue, in all its terms, the relation established by the dealer's contract .... In any case in which the provisional remedy herein provided is requested, the Court shall consider the interests of all parties concerned and the purposes of the public policy contained in this chapter.

The district court, considering the "interests of ... [the] parties" as well as Act 75's purposes and public policies, denied Rosario a preliminary injunction. The court believed, on the basis of evidence presented to that point, that Rosario had breached essential provisions of its contract with Amana, it had not met the contract's standard of performance, it had not adhered to the contract's provisions, and, consequently, Amana had "just cause" to terminate the agreement.

Rosario appeals the denial of its request for a preliminary injunction. It seeks to show that the district court acted outside the Act's broad grant to the district court of authority to decide whether or not, in the light of the particular circumstances, to issue a preliminary injunction. *See* Informe de la Comision de Industria y Comercio del Senado de Puerto Rico, *reprinted in,* 25 Diario de Sesiones 830, 831 (1971); Informe de la Comision de lo Juridico Civil del Senado de Puerto Rico, *reprinted in,* 25 Diario de Sesiones 831 (1971); Report of May 18, 1971 by Secretary of Justice of Puerto Rico rendered to the Commission of Planning, Commerce and Industry of the Puerto Rico House of Representatives, as cited in *Aybar v. F & B Manufacturing Co.,* 498 F.Supp. 1184, 1190–91 n. 14 (D.P.R.1980). We find its arguments unconvincing and affirm the district court.

First, Rosario points out that the presence or absence of "just cause" is the basic issue in the case; that to take its likely presence into account in denying the injunction is to judge Rosario's "likelihood of success" on the merits; but that Article 3A of Act 75, unlike the common law, does not make "likelihood of success" a precondition for a preliminary injunction. Rosario is correct in stating that under Article 3A the district court *need not* automatically take "probability of success" into account, *DeMoss v. Kelly Services, Inc.,* 493 F.2d 1012, 1015 (1st Cir.1974); but nothing in Article 3A says that it *may not* ever do so. To the contrary, Article 3A requires the court to look both to the parties' "interests" and to the Act's "public policy." The basic "public policy" of the Act is to prevent dealer termination without "just cause." *Marina Industrial, Inc. v. Brown Boveri Corp.,* —— D.P.R. ——, 83 J.T.S. 31 (March 18, 1983); *San Juan Mercantile Co. v. Canadian Transport Corp., Ltd.,* 108 D.P.R. 211, 216 (1978); Statement of Motives of Act 75, 1964 P.R. Laws, 4th Reg.Sess. 231; *see Sudouest Import Sales Corp. v. Union Carbide Corp.,* 732 F.2d 14, at 16 (1st Cir. 1984). The strength of the parties' interests also may depend upon the likelihood that "just cause" will be found. Thus, in *Pan American Data Computer Corp. v. Data General Corp.,* 652 F.2d 215, 217 (1st Cir.1981), we stated:

> While the statute does not require a finding of likelihood of success as a prerequisite to issuance of an injunction, the court's view of the merits would certainly affect its judgment of the weight of the parties' interests and of the injunction's effect on the statutory policies.

*Pan American* disposes of Rosario's argument that Article 3A forbids the district court to take the likely presence or absence of "just cause" into account.

We also note (since Rosario seems to argue the contrary) that Rosario will still have an opportunity to present evidence and to argue the absence of "just cause" at trial. *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68

L.Ed.2d 175 (1981); *Lebeau v. Spirito,* 703 F.2d 639, 643 (1st Cir.1983).

 Second, Rosario argues that the district court's preliminary view of the merits is contradicted by the record, which (Rosario claims) shows that Amana owes Rosario money, and that Rosario's performance was adequate. We have read the references that Rosario cites, including the letter from Amana dated February 23, 1982. We find nothing there to warrant overturning the findings of the district court. The only reference to Rosario's performance in the February 23, 1982 letter, for example, simply states:

> We take this opportunity to thank you for your past support in purchasing Amana products. While 1981 was a reasonably good year, we hope 1982 will be even better for everyone.

On the same issue, Amana presented testimonial and documentary evidence (including a letter sent to Rosario on December 7, 1982 with tables and schedules attached) which showed that Rosario's purchase of Amana products fell progressively in the last years of the dealership to less than $7,000 from January to October 1983.

 Third, Rosario seems to argue that the district court did not consider the "irreparable harm" that it will suffer as a result of the failure to obtain preliminary relief. The district court, however, did consider the issue. It wrote "if Rosario is ultimately successful he will be compensated for the damages caused by Amana's pursuance of its business through another distributor." We have no grounds for doubting this conclusion.

 Finally, Rosario points out that it only sought an injunction that would require Amana to sell to it on a *non*-exclusive basis; Amana would remain free to distribute through others as well. As the district court noted, however, such an injunction would rewrite the Amana-Rosario contract. And, it would automatically make Amana's substitute dealership arrangments non-exclusive as well. The fact that the Amana-Rosario contract was exclusive suggests that Amana may have difficulty finding other dealers willing to distribute on a non-exclusive basis. And, Rosario provides no evidence to the contrary.

In sum, the district court's decision not to issue a preliminary injunction is adequately supported. It is

*Affirmed.*