**COMBUSTION ENGINEERING, INC., Plaintiff/Counterclaim Defendant,**

v.

**MILLER HYDRO GROUP, Defendant/Counterclaim Plaintiff, and Kansallis–Osake–Pankki, Party in Interest,**

v.

**ALDEN RESEARCH LABORATORY, INC., Counterclaim Defendant.**

**Civ. No. 89–0168 P.**

United States District Court, D. Maine.

March 25, 1991.

Gordon F. Grimes, Robert H. Stier, Jr., John H. Montgomery, Louis B. Buttfield, Linda A. Monica, David A. Soley, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff/counterclaim defendant.

Barry A. Bachrach, Vincent F. O'Rourke, Jr., Worcester, Mass., and James D. Poliquin, Norman, Hanson & DeTroy, Portland, Me., for Alden Research.

George S. Isaacson, Brann & Isaacson, Lewiston, Me., for Miller Hydro Group.

Howard H. Dana, Verrill & Dana, Portland, Me., for Kansallis–Osake–Pankki.

## MEMORANDUM AND ORDER DENYING JOINT MOTION FOR STAY

GENE CARTER, Chief Judge.

Plaintiff and Defendant have filed a joint motion for a stay of this action pending arbitration. Counterclaim Defendant Alden assents to the granting of the motion. Party in Interest Kansallis–Osake–Pankki (KOP) objects. The Court held a hearing on the motion on March 19, 1991, and has had the benefit of initial and supplemental written submissions of counsel.

The construction contract underlying this litigation did not contain an arbitration agreement, and litigation commenced in this Court in July 1989. Litigation proceeded actively both in this Court and in the Maine state courts until July 1990, when after a decision in the Law Court, the state court action was stayed pending resolution of the case here. Since that stay, the docket entries show that the parties have vigorously prosecuted the litigation in this forum. On March 18, 1991, Plaintiff and Defendant entered into an arbitration agreement under which certain issues between them in this litigation would be resolved in the arbitration proceeding and the remaining issues between them would be dismissed. KOP refused to join in the arbitration agreement. The agreement states that "[t]he Arbitration is conditional on the federal court granting the parties' motion to stay." That motion is now before the Court.

█ Movants argue that the Federal Arbitration Act requires the Court to stay this action. Section 3 of the Act provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Plainly, application of section 3 presupposes the existence of an enforceable arbitration agreement. *W.L. Jorden & Co. v. Blythe Industries, Inc.*, 702 F.Supp. 282, 284 (N.D.Ga.1988). Equally plain is the fact that the Arbitration Agreement here is not enforceable, because it is conditioned on the granting of a stay by the Court. *See* Arbitration Agreement, § 1.[1] Movants' argument that the stay is

---

1. At argument and in a supplemental written submission KOP suggests that the Arbitration Agreement entered into by movants is invalid because under the contract documents neither Combustion Engineering nor Miller could alter or amend the Project Documents, which did not provide for arbitration. KOP further argues that under its security agreement with Miller, which was known to Combustion Engineering, Miller had no authority to compromise or settle any suit or legal proceeding relating to Miller's rights under the Project Documents. These contract issues, which the Court will leave unresolved, render even less likely the possibility

mandatory because of the existence of a written arbitration agreement loses all force when the existence of the agreement urged as the basis for application of section 3 is in turn dependent on the granting of the stay sought under that section.

█ Even if the Court were to find the Federal Arbitration Act applicable to this Arbitration Agreement, it would not issue a stay in this case. Section 3 makes explicit that the stay must issue only if the applicant is not in default in proceeding with the arbitration. Most of the cases dealing with default or waiver of the right to arbitrate occur in the context of one party to the arbitration agreement seeking to proceed under it after litigation has commenced and the other party to the agreement objecting. *See e.g., Hilti, Inc., v. Oldach*, 392 F.2d 368 (1st Cir.1968); *Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc.*, 806 F.2d 291 (1st Cir.1986) (discussing waiver on motion to compel arbitration). The context here is different because both parties to the arbitration agreement seek the stay while KOP, a non-party to that agreement but a party in interest in this litigation, objects. In this situation the Court finds that it should determine whether the parties are in default by agreeing belatedly to arbitration rather than by exercising a preexisting contractual right to it.

It is clear that both Miller and Combustion Engineering had committed themselves to litigation as a means of resolving the disputes between them. The parties have engaged in substantial litigation activity both in this Court and the courts of the State of Maine for more than a year and a half. This Court's docket alone contains 130 entries, significant discovery has been conducted, and the case is on a trial list set to begin on May 28, 1991. Although the contract dispute is between Miller and Combustion Engineering, KOP, as mortgagor of the project, has been forced to participate actively in all the litigation in order to protect its financial interest. Now, virtually on the eve of trial, Miller and Combustion seek, without the agreement of KOP, to change forum and resolve their dispute before an arbitration panel. The Court of Appeals for the First Circuit has held "that a party's willingness to submit a dispute to trial on the merits may imply a waiver of the right to arbitration." *Caribbean Insurance Services, Inc., v. American Bankers Life Assurance Company of Florida*, 715 F.2d 17, 18 (1st Cir.1983) (*citing Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union No. 633*, 671 F.2d 38 (1st Cir.1982) and holding that defendant's stipulation providing for an expeditious trial waived right to arbitration).

█ The Court realizes, however, that mere delay in seeking arbitration without some resultant prejudice to a party cannot constitute a waiver of the right to arbitrate. *Page v. Moseley, Hallgarten, Estabrook & Weeden*, 806 F.2d at 293. Here the parties' intense commitment to litigation has led KOP rightfully to expect a swift resolution in this Court of the disputes which jeopardize its security in the project. KOP undoubtedly budgeted for and planned its participation in the foregoing litigation based on assumptions about the future course of the litigation. These include the manner in which evidence might be presented before a jury, the availability and utility of certain discovery procedures, and the necessity of posturing issues in specific ways for the normal jury trial and appeal process. Now, having fully implicated KOP in what must be described as long, complex litigation, Miller and Combustion Engineering have attempted to change the rules. They have chosen a new forum where they can present the evidence in a different form,[2] and avoid review on the merits. Because there was no arbitration agreement, KOP had no reason to believe that all of its plans and expectations concerning the litigation might be changed. In this respect KOP is very different from a party to an arbitration agreement who complains that another

that there is an enforceable arbitration contract between the parties.

**2.** The parties have agreed to a format for presenting evidence that differs significantly from the mode of presentation in a jury trial.

party is belatedly trying to enforce that agreement.

The Court finds that a stay of these proceedings at this late date will cause prejudice to KOP. Without knowing the result of the arbitration, it is, of course, impossible to say exactly what the costs will be to KOP. KOP, however, as a vigorous participant in this litigation in which there was no looming arbitration agreement, is entitled to have its expectations protected.

 By conditioning their agreement on the stay, the parties have in essence committed the granting of the stay to the Court's discretion. KOP and movants have all acknowledged the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The Court finds that this case is not an appropriate one for the exercise of this inherent power. While trial of this case promises to be long and complex, the Court has made the necessary arrangements to have it tried soon by a visiting judge. The parties, including KOP, will have a jury verdict before the time of the expected arbitration award. If the case goes to arbitration, issues concerning the mechanic's lien may well remain to be litigated here by KOP, which is not a party to the arbitration. In a worse scenario, one of the parties to the arbitration will challenge the arbitration proceedings generating major new litigation in this Court. Thus, not only is there no economy to be gained by staying the litigation to permit arbitration, there is a significant likelihood that arbitration will increase the burdens on the Court by adding new litigation at a time when the Court will not have the aid of a visiting judge. More important, however, is the fact that a stay would splinter this case in an unfair manner on the eve of trial, thwarting the reasonable expectations of KOP, which had no reason to expect yet a third forum for this lengthy, complex litigation in which it has been a vigorous participant.

Accordingly, it is ORDERED that the Joint Motion for a Stay Pending Arbitration be, and it is hereby, DENIED. The parties are hereby ORDERED to file papers that were initially due on March 4, 1991, by April 5, 1991.

SO ORDERED.