**LIFETIME MEDICAL NURSING SERVICES, INC.**

v.

**CAMBRIDGE AUTOMATION CORP., et al.**

Civ. A. No. 90–0630 P.

United States District Court, D. Rhode Island.

Nov. 15, 1991.

Jeffrey S. Michaelson, Michaelson & Michaelson, Providence, R.I., for Lifetime Medical Nursing Services, Inc.

Kevin M. Brill, Corrente & Brill, Providence, R.I., for Cambridge Automation Corp.

W. James McKay, Adler, Pollock & Sheehan, Providence, R.I., for Unisys Corp.

### MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Defendant Unisys Corporation ("Unisys") filed a Motion to Stay Action and Compel Arbitration with this Court on September 12, 1991. Through an order entered October 15, 1991, the motion was conditionally denied. Execution of the order was stayed until October 21, 1991 pending a reply brief from defendant Unisys. Unisys filed such a brief; upon revisiting

the motion to compel arbitration, the motion is granted.

## I

The controversy concerns alleged defects in a computer system owned and operated by plaintiff Lifetime Medical Nursing Services, Inc. ("Lifetime"). Defendant Cambridge Automation, Inc. ("Cambridge") sold the system to Lifetime; defendant Unisys contracted to provide maintenance and repair for the system. The complaint alleges two counts against Unisys: Count IV and VI for breach of contract and negligence in connection with its alleged duties concerning maintenance and service of the computer.

The Equipment Maintenance Agreement between Unisys and Lifetime contains the arbitration clause central to this motion. Since Unisys did not mention the arbitration clause in its answer or its cross-claim, and discovery was virtually complete at the time of the original motion, Lifetime claimed Unisys had waived the arbitration clause. This court agreed with that assertion in its previous order. In its reply brief, Unisys highlights the current state of First Circuit law concerning arbitration clauses and implied waiver.

Unisys asserts two grounds for vacating the order denying the Motion to Stay Action and Compel Arbitration. First, Unisys states that an agreement existed between counsel for both parties that untimeliness of a claim to go to arbitration would not be an issue. Not surprisingly, plaintiff Lifetime denies this. There is nothing the Court can do with this debate. Whatever counsel may have privately agreed to is a matter between counsel. The Court hopes counsel for both sides have acted and will continue to act honorably and forthrightly with each other; however, this issue has no bearing on the current motion.

Alternatively, Unisys insists that the law cited by Lifetime is inapplicable in the First Circuit. This argument carries the day. A more recent case than that previously considered compels the Court to reexamine the issue and vacate its previous order.

## II

To support its position that Unisys impliedly waived its right to arbitration, Lifetime relies on the multi-prong test set out in *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464 (10th Cir.1988). In the First Circuit, however, two separate cases create some uncertainty as to the standard for finding implied waiver. One line of reasoning mimics that cited by the plaintiff. In *Jones Motor Co., Inc. v. Chauffeurs, Teamsters and Helpers Local Union No. 633 of N.H.*, 671 F.2d 38, 44 (1st Cir.), *cert. denied*, 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 200 (1982), the First Circuit enunciated a test very similar to the one found in *Peterson.*

In determining whether a party to an arbitration agreement, usually a defendant, has waived its arbitration right, federal courts typically have looked to whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right, ... whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff, ... whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand....

Other relevant factors are whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceeding, ... whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration ...] had taken place, ... and whether the other party was affected, misled, or prejudiced by the delay....

*Jones Motor*, 671 F.2d at 44, *quoting Reid Burton Constr. Inc. v. Carpenters Dist. Council*, 614 F.2d 698, 702 (10th Cir.1980) (citations omitted; bracketed text in original).

This standard is still valid First Circuit law. Three recent appellate cases have cited *Jones Motor* for general propositions

on waiver of arbitration clauses.[1] None, however, directly discuss the standard for waiver.

Defendant Unisys emphasizes a more recent First Circuit case which spins the question of implied waiver in a different direction. In *Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc.*, 806 F.2d 291 (1st Cir.1986), *overruled on other grounds, Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the First Circuit held:

> Thus, in order for plaintiffs-appellees to prevail on their claim of waiver, they must show not only that defendants delayed in seeking arbitration, *but also that such delay caused plaintiffs prejudice....*
>
> On appeal, plaintiffs claim prejudice from the fact that they were at the stage of complete readiness to try the case, and if made to arbitrate, will be forced to 'restart the entire process before a new tribunal.' ... we hold that, because plaintiffs have neither alleged nor shown any prejudice from the discovery prior to defendants' motion to compel arbitration, defendants cannot at that point be said to have waived their right to compel arbitration.

*Id.* at 293–94 (emphasis added). The *Page* court also stated that "[w]aiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day." *Id.* at 293, *quoting Rush v. Oppenheimer & Co.*, 779 F.2d 885 (2d Cir.1985). The *Page* court does not mention the *Jones Motor* standard at all.[2]

At least two First Circuit district courts have combined the standards. *Combustion Eng'g, Inc. v. Miller Hydro Group*, 760 F.Supp. 9, 11 (D.Me.1991) cites *Jones*

*Motor* and *Page* in declaring that prejudice is a vital element of implied waiver. *Complaint of Ballard Shipping*, 752 F.Supp. 546, 548 (D.R.I.1990) cites *Page* for the policy favoring arbitration, but relies on the *Jones Motor* standard to determine implied waiver.

### III

The parties appear to believe that there are two distinct paths for this Court to travel. Lifetime urges us along the *Jones Motor* path. Along this road, the motion to compel arbitration would again be denied. Unisys directs us down the path using the *Page* prejudice standard. However, the parties are mistaken in their belief that a fork in the road actually exists. *Jones Motor* and *Page* do not represent separate, unreconcilable paths. A combination of the two cases only widens the existing road. This interpretation remains without an advocate; the route would take us by the newer trail combining *Jones Motor* and *Page*. On this path, we would follow the footsteps of at least two First Circuit district courts.

■ This Court believes *Jones Motor* and *Page* compliment each other and should be read together. Under a combined standard, an extensive analysis must be performed before ruling on the motion to compel arbitration. *Jones Motor* clearly spells out specific areas for the Court to examine. *Page* commands the Court to look for prejudice and burdens the party objecting to arbitration with proving prejudice.

In fact, the two standards essentially aim at the same concept. The specific factors in *Jones Motor*, if met, would be facts tending to establish prejudice to the other

1. *See Sweeney v. Westvaco Co.*, 926 F.2d 29, 39 (1st Cir.1991) (parties to a dispute may waive the benefit of arbitration procedures); *Red Star Express Lines v. International Bhd. of Teamsters, Local 170*, 809 F.2d 103, 107 (1st Cir.1987) (union waived arbitration by waiting until after hearing to raise issue); and *Caribbean Ins. Serv., Inc. v. American Bankers Life Assurance Co. of Florida*, 715 F.2d 17, 19–20 (1st Cir.1983) (plaintiff's willingness to submit to trial on merits may imply waiver of right to arbitration).

2. Another case in agreement with *Page, Sevinor v. Merrill Lynch, Pierce, Fenner & Smith*, 807 F.2d 16, 19 (1st Cir.1986), held that "in order for plaintiffs to prevail on their claim of waiver, they must show prejudice." This case cited neither *Jones Motor* nor *Page* for the prejudice standard.

 

party. To establish prejudice under *Page,* a court will examine some if not all of the particulars mentioned in *Jones Motor.* By using both, the two standards act as a check on each other and require a court to look closely at the individual facts of each case.

 Lifetime has not established prejudice significant enough to imply waiver. Unisys answered the original complaint and filed a cross claim against co-defendant Cambridge. The right to go to arbitration need not be set forth as an affirmative defense under Fed.R.Civ.P. 8(c); the cross claim against Cambridge simply does not involve the possibility of arbitration. The discovery period had almost expired when Unisys moved to compel arbitration, but Unisys had not actively participated in discovery and Lifetime's own discovery appeared minimal.

Lifetime submits it will be prejudiced if it now must begin anew in a different forum. Under *Page,* this assertion alone is not sufficient to show prejudice. *Page,* 806 F.2d at 293. Lifetime also points out that arbitration between Lifetime and Unisys will not dispose of the case: Lifetime has a remaining claim against Cambridge. While this is certainly true, Lifetime can not be prejudiced by this fact. If Unisys had immediately asked for arbitration, Lifetime would have been required to proceed in two forums. Lifetime must show prejudice *because of the delay,* not because of the *existence* of the arbitration clause.

Public policy strongly favors arbitration. "[A]ny doubt concerning arbitrability 'should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or *an allegation of waiver, delay, or a like defense of arbitrability.'* " *Page,* 806 F.2d at 293, *quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (emphasis added). If Unisys had insisted on arbitration at the earliest possibility (in its answer), this matter would have been addressed four months earlier. Lifetime has not shown prejudice stemming from this four month delay.

### IV

It is not enough to simply claim prejudice. Lifetime has not adequately demonstrated prejudice under the particular facts of this case. In light of the First Circuit's requirement of prejudice and the overriding policy in favor of arbitration, defendant Unisys' Motion to Stay Action and Compel Arbitration is granted.

SO ORDERED.