The AMERICAN NATIONAL BANK OF DENVER, Trustee, Appellant (Plaintiff below),

v.

CHEYENNE HOUSING AUTHORITY, Appellee (Defendant below).

No. 4643.

Supreme Court of Wyoming.

April 14, 1977.

Ted Simola, Cheyenne, for appellant.

Charles E. Graves, Graves & Hacker, Cheyenne, for appellee.

Before McCLINTOCK, RAPER, THOMAS, and ROSE, JJ., and ARMSTRONG, D. J., retired.

THOMAS, Justice.

The American National Bank of Denver (hereinafter the Bank) brought this action to recover additional rentals claimed to be due under a lease. The additional rentals claimed were alleged to be the result of

adjustments in the real estate taxes on the leased property which, according to the Complaint, Cheyenne Housing Authority (hereinafter the Housing Authority) had agreed to pay to the extent of 95.80 per cent. The lease covered a combination hotel and motel property in Cheyenne, Wyoming, which the Housing Authority planned to utilize as subsidized housing for elderly persons. The lease was attached to the Bank's complaint, and it includes an arbitration clause which provides:

"18. *Arbitration of disputes*: In the event that any dispute arises between the parties hereto over any of the provisions of this Lease or its effect, the same shall be determined by arbitrators to be selected as hereinafter provided, the determination of a majority of such arbitrators to be final and binding upon the parties hereto. The Lessor shall choose one of such arbitrators; the Lessee, another; and the two so chosen shall together choose a third. Each party shall pay costs of their arbitrator and shall divide equally the costs of the third arbitrator."

The Housing Authority, by a Motion to Dismiss, asserted the failure of the Complaint to state a claim upon which relief can be granted.[1]

Additional matter in the record discloses that the Housing Authority's theory was that having presented the lease to the district court, it became the pleading obligation of the Bank to avoid this arbitration clause in order to proceed with its action. The district court dismissed the action because the Complaint failed to state a claim, specifically quoting the arbitration clause.

In appealing from this Order for Dismissal, the Bank contends:

1. Arbitration is an affirmative defense under Rule 8(c), W.R.C.P., and is not properly raised by a Motion to Dismiss.

2. Neither the lease nor the Uniform Arbitration Act, §§ 1-1048.1—1--

---

1. These pleadings fixed the issue in this case. The only other pleadings in the record are a Motion by the Bank attacking the Motion to Dismiss, a memorandum of law filed by the Housing Authority, and the Notice of Appeal.

1048.21, W.S., justify relief in the form of dismissal.

3. Regardless of the procedural matters the district court committed substantive error in holding .that the provisions of the lease foreclosed an action for specific performance of its provisions because the Bank is not compelled to arbitrate any question that it did not intend to submit to arbitration by the agreement.

4. No arbitrable dispute exists between the parties under the terms of the lease agreement or under the Uniform Arbitration Act because where the position of the parties seeking arbitration is clearly contrary to the provisions of the agreement an arbitrable dispute is not present.

5. Procedural deficiencies with respect to the scheduling of hearings under the district court rule should have resulted in an automatic denial of the Housing Authority's motion.

The proper procedure is spelled out in the provisions of the Uniform Arbitration Act, §§ 1–1048.1 through 1–1048.21, W.S. It is interesting to note that a colloquy between the Court and counsel for the Housing Authority demonstrates that this procedure was considered:

"[Counsel]: Well, in order to perhaps eliminate the problem, I would, under the Act, I could at this point, Your Honor, inasmuch you have said what you have done, I have a motion here for an order to proceed with arbitration, maybe that's the best way to handle it, which I would file now rather than having the issue appealed on the motion to dismiss. Perhaps the answer is to proceed with the motion which I have here ready to file—

"The Court: Talk about prepared.

"[Counsel]: —ordering the motion."

\* \* \* \* \* \*

"The Court: I think maybe the better procedure to handle this thing would be that, \* \* \* ."

Prophetic as this colloquy was, the procedure was not pursued. It also is interesting to note that in one of the primary authorities relied upon by the Bank in its appeal the following language appears:

"\* \* \* It should be noted preliminarily that the procedure provided in both the Pennsylvania Arbitration Act, 1927, P.L. 381, 5 P.S. § 1 et seq. and the United States Arbitration Act, 9 U.S.C.A. § 1 et seq. in cases where suits are instituted upon matters referable to arbitration under a written and enforceable arbitration agreement, is an application for a stay of the trial of the action until the arbitration has been had in accordance with the terms of the agreement. 5 P.S. § 162; 9 U.S.C.A. § 3. Neither the state nor the federal statute provides for dismissal of the actions commenced in violation of such arbitration agreements." *Karno-Smith Co. v. School Dist. of City of Scranton, Lackawanna County*, D.C., 44 F.Supp. 860, 862 (1942).

■ We note that Colorado (see *Guthrie v. Barda,* Colo., 533 P.2d 487 (1975)) has adopted a theory which supports the disposition made by the district court, but that approach is not in accord with the statutory procedure which Wyoming has adopted. The Bank earnestly asserts that arbitration must be pleaded as an affirmative defense and the answer under Rule 8(c), W.R.C.P. It is only when the arbitration has been pursued to award that the "arbitration and award" referred to as an affirmative defense in Rule 8(c), W.R.C.P. is available as a defense in bar, however, and a right to arbitration is not an affirmative defense under the rule. *Demsey & Associates, Inc. v. S.S. Sea Star,* 461 F.2d 1009 (2nd Cir. 1972).

■ Section 1–1048.4, W.S. states the procedural methods in which a party asserting an arbitration agreement may seek enforcement. In an instance such as this the application provided for in that statute is to be filed in the court where the action is pending. The circumstances of this case lead us to the conclusion that on proper application by the Housing Authority show-

ing both the asserted agreement to arbitrate and the refusal of the Bank to arbitrate, the Bank would deny the existence of an agreement to arbitrate the claim for additional rentals presented by its Complaint. The role of the Court in such an instance, where one party seeks to enforce an arbitration agreement and the other party contends that the agreement does not apply to the dispute, is to "proceed summarily to the determination of the issue so raised." Section 1–1048.4(a), W.S. If the Court finds for the moving party it shall order arbitration, but otherwise the application for arbitration is to be denied. If the dispute before the Court is a controversy between the parties which they have contracted to submit to arbitration, the Court must stay the action before it, and order arbitration. The merits of the dispute then come within the province of the arbitrators to be resolved by them.

The premise for this statutory procedure is understandable because no party is required to arbitrate a dispute unless it has agreed to arbitration of that dispute. *Oil, Chemical and Atomic Workers International Union, Local 2–124 v. American Oil Co.*, 528 F.2d 252, 254 (10th Cir. 1976), and authorities there cited. By the same token, a party should not be required to litigate disputes which are subject to an arbitration agreement, and there is a national policy to the effect that doubts are to be resolved in favor of arbitrability. E.g., *School Dist. No. 46 v. Del Bianco*, 68 Ill.App.2d 145, 215 N.E.2d 25 (1966); *Bel Pre Medical Center, Inc. v. Frederick Contractors, Inc.*, 21 Md. App. 307, 320 A.2d 558 (1974); *Grosse Pointe Farms Police Officers Association v. Howlett*, 53 Mich.App. 173, 218 N.W.2d 801 (1974); *McCandliss v. Ward W. Ross, Inc.*, 45 Mich.App. 342, 206 N.W.2d 455 (1973). This Court has recognized the existence of a strong policy favoring arbitration of disputes where the parties have bargained for this procedure in their contract. *Northern Supply Co. v. Town of Greybull*, Wyo., 560 P.2d 1172 (1977); and *Riverton Valley Electric Association v. Pacific Power &* *Light Co.*, Wyo., 391 P.2d 489 (1964). In the face of an arbitration clause which is couched in broad terms, litigation instead of arbitration should not be available at the option of a party.

Applying these policy considerations and the Uniform Arbitration Act, as adopted in Wyoming, we hold that this case must be reversed. The record from the district court and the briefs here demonstrate that the Cheyenne Housing Authority apparently chooses to enforce the arbitration clause if possible. The district court should afford it the opportunity to submit the statutory application to require arbitration. The relief sought presumably will be an order referring the matter to arbitration together with a stay of the pending action. Again, from the record in the district court and the briefs, it would seem to us that the American National Bank would deny the existence of an agreement to arbitrate the claim for rental set forth in its Complaint, and the district court should then proceed to summarily determine whether this is a controversy between the parties which by a written contract they have agreed to submit to arbitration. See § 1–1048.3, W.S. The Housing Authority suggests that this is substantially what already has occurred, but there is a significant difference in the modes of procedure. Under the prescribed statutory procedure the burden of demonstrating arbitrability would be upon the party asserting it, the Cheyenne Housing Authority. Under the procedure which was followed the burden fell upon the American National Bank of Denver to show nonarbitrability. If the district court grants the relief sought by the Cheyenne Housing Authority that order would not be reviewable until an order had been entered disposing of the matter premised upon the award of the arbitrators. Section 1–1048.19, W.S.

In view of the reversal of this case on the procedural defect, it would not be appropriate for this Court to rule upon the substantive propositions raised by the Bank in its appeal. These contentions come within the province of the district court in reaching its

determination of arbitrability pursuant to the Uniform Arbitration Act. Similarly, the procedural deficiencies relating to the scheduling of hearings under the rules of the district court become moot in this instance since the action of the district court in granting the Motion to Dismiss is set aside.

The judgment of the district court is reversed, and the case remanded for further proceedings in accordance with this opinion.