R. Stockton RUSH III, Plaintiff,

v.

OPPENHEIMER & CO., INC. and Scott
Seskis, Defendants.

No. 84 Civ. 3219 (RWS).

United States District Court,
S.D. New York.

March 22, 1985.

Lovell & Stewart, New York City, for plaintiff; Victor E. Stewart, New York City, of counsel.

Joan Caridi, New York City, for defendant Oppenheimer & Co., Inc.

OPINION

SWEET, District Judge.

Defendants Oppenheimer & Co., Inc. ("Oppenheimer") and Scott Seskis ("Sesk-is") have moved to sever the pendent common law claims, to compel arbitration of those claims, and to stay this arbitration until final resolution of the federal securities law claims. The motion is denied.

Prior Proceedings

R. Stockton Rush III ("Rush") commenced this action by filing a complaint on May 10, 1984. Count one alleged violations of the Federal securities laws; count two alleged violations of New York common law; and count three alleged violations of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961(1)(D). The specific allegations of the first complaint are set forth in this court's August 23, 1984 opinion and need not be reiterated here. 592 F.Supp. 1108. Rush granted Oppenheimer several extensions of time to answer the complaint or bring a motion, and on June 25, 1984 Oppenheimer filed a motion to dismiss pursuant to Fed.R.Civ.P. 9(b), 10(b), and 12(b)(6). At no point in its challenge to the court's jurisdiction did Oppenheimer argue that a prior arbitration agreement required severance of the state claims. On August 23, 1984 I issued an opinion dismissing the third count and the punitive damages aspect of the second count. Also on August 23, Rush filed an amended complaint.

On August 31, 1984 Rush filed a motion for reargument on that aspect of the August 23 opinion that dismissed the claim for punitive damages. On September 7, Oppenheimer answered the amended complaint, denying the allegations and raising thirteen affirmative defenses. The answer nowhere mentioned the existence of an arbitration agreement between Rush and Oppenheimer. Throughout this period, discovery progressed, and Oppenheimer obtained documents from Rush, noticed the depositions of two non-parties, and produced defendant Seskis.

On November 9, 1984 I issued an opinion reinstating the punitive damages aspect of Rush's state claims and setting a discovery deadline of February 6, 1984. 596 F.Supp. 1529. On December 31, 1984 Oppenheimer filed this motion for severance, and the motion was argued on January 18, 1985.

## Discussion

Oppenheimer seeks through this motion to enforce an arbitration agreement signed by Rush on November 30, 1981. The agreement states:

> Any controversy between you and the undersigned arising out of, or relating to this agreement, or the breach thereof, or arising out of transactions with you shall be settled by arbitration, in accordance with the Rules, then obtaining, of either the National Association of Securities Dealers, Inc. or of the New York Stock Exchange Inc., as I may elect. If I do not make such election by registered mail addressed to you at your main office within five days after receipt of notification from you requesting such election, then you may make such election. Any arbitration hereunder shall be before at least three arbitrators, and the award of the arbitrators or a majority of them shall be final, and judgment upon the award rendered may be entered in any court having jurisdiction. I agree that notice of, and, in any such arbitration [sic] may be sent to me by mail, and waive personal service thereof.

Rush initially argued that the doctrine of intertwining prevents the severance. However, in view of *Dean Witter Reynolds Inc. v. Byrd*, —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), in which the Supreme Court rejected the doctrine of intertwining, Rush now relies exclusively on the arguments that the agreement to arbitrate was fraudulently induced and is therefore not enforceable, and that any right to enforce arbitration has been waived by Oppenheimer's active participation in the litigation to this point. Because I conclude that Oppenheimer waived its right to arbitration, I need not reach the question whether the agreement to arbitrate was fraudulently induced.

■ Despite the strong federal policy favoring arbitration of contractual disputes, *United Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960), the right to arbitrate may be waived. *Car-*

*ibbean Ins. Servs., Inc. v. American Bankers Life Assur. Co.*, 715 F.2d 17 (1st Cir. 1983); *Jones Motor Co., Inc. v. Chauffeurs, Teamsters*, 671 F.2d 38 (1st Cir.), cert. denied, 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 200 (1982); *Demsey & Associates v. S.S. Sea Star*, 461 F.2d 1009 (2d Cir. 1972); *Lubrizol Intern., S.A. v. M/V Stolt Argobay*, 562 F.Supp. 565 (S.D.N.Y.1982).

■ The rule in this Circuit is that a party may waive its right to arbitration by actively participating in a lawsuit in a manner inconsistent with the right to arbitration such that there is prejudice to the other party. The element of prejudice is determinative. *See Demsey & Associates, supra; Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2d Cir.1968); *Lubrizol Intern., supra.* Courts have found prejudice where a party seeking arbitration has taken advantage of discovery that would not be available in an arbitration proceeding, *Carcich, supra*, at 696; where a party has caused substantial expense and loss of time by continuing litigation instead of demanding arbitration, *Demsey, supra*, at 1018; and where a party has advanced so far in court proceedings before seeking arbitration that permitting arbitration would effectively allow a party sensing an adverse decision a second chance in another forum, *Jones Motor Co., supra*, at 43.

■ Oppenheimer's extensive involvement over the course of eight months in the litigation, including taking rather extensive discovery, bringing a motion to dismiss, and posing thirteen affirmative defenses to the amended complaint, all without raising the right to arbitration, constitutes prejudice to Rush and a waiver of the right to arbitrate. These actions, were they to be followed by arbitration, would have caused unnecessary cost and delay to Rush. Further, Oppenheimer has sought to shift the forum for resolution of the state claims only after this court reinstated the punitive damages aspect of those claims. Having litigated an issue and having obtained a decision adverse to its interests on a critical issue of its exposure to

damages, Oppenheimer cannot now shift the forum of this dispute without causing prejudice to Rush.

Oppenheimer's motion to compel arbitration of the state claims is denied. Discovery in this case shall be completed by May 22, 1985 and a joint pretrial order submitted by May 29, 1985.

**IT IS SO ORDERED.**