STATE OF NEBRASKA, APPELLEE, V. LA RON E. BURNETT, APPELLANT.

417 N.W.2d 355

Filed January 8, 1988.   Nos. 87-344, 87-345.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

BOSLAUGH, CAPORALE, and SHANAHAN, JJ., and ROWLANDS, D.J., and COLWELL, D.J., Retired.

ROWLANDS, D.J.

This case presents an issue of first impression and requires us to determine whether a court is authorized under Neb. Rev. Stat. § 29-2278 (Cum. Supp. 1986) to enter a sentence of community service in addition to incarceration. We have determined that the Nebraska Legislature did not so intend unless imposed as a condition of probation under Neb. Rev. Stat. § 29-2262 (Cum. Supp. 1986). Accordingly, we reverse and direct that the invalid portion of the defendant's sentences be vacated.

On November 7, 1986, LaRon E. Burnett, defendant, entered pleas of guilty to theft by unlawful taking and to possession of burglary tools. Both offenses are Class IV felonies, punishable by up to 5 years' imprisonment, a $10,000 fine, or both.

On December 4, 1986, the defendant was sentenced to 1 year's imprisonment and a period of community service on each count. The sentences were to run concurrently, and the defendant was given credit for time already served.

Following Burnett's release from incarceration after serving his concurrent 1 year sentences, it was reported to the district court that Burnett was not carrying out the community service requirement of his sentences. Burnett appeared before District Judge Stephen A. Davis on February 20, 1987, and stipulated to his failure to perform the community service portion of his sentences. The defendant objected, however, to the jurisdiction of the district court and asserted that a combined sentence of incarceration and community service under § 29-2278 was invalid. The district judge nonetheless sentenced defendant to 125 days on each count, to run concurrently. The defendant appeals, asserting in his sole assignment of error that the district judge erred in resentencing the defendant.

In 1986 the Nebraska Legislature passed L.B. 528. This law has been codified in Neb. Rev. Stat. §§ 29-2277 to 29-2279 (Cum. Supp. 1986). The pertinent statute involved in this case is § 29-2278, which reads:

> An offender may be sentenced to community service (1) as an alternative to a fine, incarceration, or supervised probation, or in lieu of incarceration if he or she fails to

pay a fine as ordered, except when the violation of a misdemeanor or felony requires mandatory incarceration or imposition of a fine, (2) as a condition of probation, or (3) in addition to any other sanction. The court shall establish the terms and conditions of community service including, but not limited to, a reasonable time limit for completion. If an offender fails to perform community service as ordered by the court, he or she may be arrested and after a hearing may be resentenced on the original charge, have probation revoked, or be found in contempt of court. No person convicted of an offense involving serious bodily injury or sexual assault shall be eligible for community service.

The State asserts that subsection (3) of the statute authorizes a judge to impose incarceration in addition to community service. We have examined the statute and reviewed the legislative history surrounding the adoption of L.B. 528 and have determined that such reasoning is misplaced.

One of the fundamental principles of statutory construction is to attempt to ascertain the legislative intent and to give it effect. *Mitchell v. County of Douglas*, 213 Neb. 355, 329 N.W.2d 112 (1983). Also, in construing a statute, this court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. *Rosnick v. Marks*, 218 Neb. 499, 357 N.W.2d 186 (1984). To further ascertain the intent of the Legislature, the Supreme Court may examine the legislative history and the record of floor explanations or debate of the act in question. *Spence v. Terry*, 215 Neb. 810, 340 N.W.2d 884 (1983).

The introducer's statement of intent shows that the intention of the Nebraska Legislature in enacting L.B. 528 was to develop new types of punishments because of increasing incarceration costs and disappointing recidivism rates. See Introducer's Statement of Intent, L.B. 528, Judiciary Committee, 89th Leg., 1st Sess. (Mar. 6, 1985). The floor explanation by Senator Hoagland is particularly illuminating:

This is a simple but an important bill, ladies and gentlemen. It codifies the authority judges have to sentence individuals to community service rather than having to keep them confined in facilities. It is particularly important that Douglas and Lancaster County, which are currently undergoing considerable overcrowding, and you may have heard of representatives from those counties. Community service has been endorsed by many important organizations concerned with criminal justice. The American Bar Association, Uniform Commissioners on State Laws, League of Women Voters, are only some of the groups that have advocated community sentencing as a sentencing alternative. It can save funds for the state and for the counties. Jails are very expensive to construct and maintain. Use of community service can divert nonviolent offenders out of the jail population and relieve pressures for new construction. It is often beneficial to the offenders. Few things are more degrading and debilitating than lack of activity. Several studies have indicated that community service has a strong rehabilitative effect upon offenders who perform community service. There is a growing trend in the nation to allow it. California has more than a hundred thousand people participating in community service. And many of you, I am sure, can recall Judge Urbom's sentence a few years ago to community service in some bid rigging cases which received national attention and praise. This would authorize district judges to do that. Many of them are doing it already. I ask for the advancement of the bill. Thank you, Mr. President.

Floor Debate, 89th Leg., 2d Sess. 8951-52 (Feb. 21, 1986).

From the legislative history of § 29-2278, it is apparent that subsection (3) refers to an alternative sanction to incarceration, such as restitution. It would thwart the express purpose of § 29-2278 to allow judges to sentence a defendant to a substantial period of confinement and then require the defendant to perform community service upon release.

A sentence of incarceration in the Nebraska Penal and Correctional Complex for a term of 1 year for a Class IV felony

is clearly authorized by statute. Likewise, an alternative sentence of reasonable community service for a Class IV felony is permissible under § 29-2278. When the two sentences are combined, however, the result is an erroneous sentence which cannot stand. As this court stated in *State v. McDermott*, 200 Neb. 337, 339, 263 N.W.2d 482, 484 (1978): "Where a portion of a sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence."

Accordingly, the community service portion of the sentences which was converted into 125 days of incarceration at resentencing must be set aside and vacated.

REVERSED AND REMANDED WITH DIRECTIONS.