STATE OF NEBRASKA, APPELLEE, V. DARREN W. SEAMAN, APPELLANT.

468 N.W.2d 121

Filed April 19, 1991.    No. 90-104.

Clay B. Statmore for appellant.

Robert M. Spire, Attorney General, and Wynn Clemmer for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant, Darren W. Seaman, was found guilty of driving while intoxicated, third offense, and careless driving and was sentenced to 5 years' probation. As a part of the order of probation the trial court ordered the defendant not to operate a motor vehicle for any reason whatsoever during the entire term of probation.

The defendant appealed to the district court, contending the county court had exceeded its jurisdiction by suspending his driving privileges for 5 years. The district court affirmed the trial court's sentence, stating:

[T]he alternative to the judge was to suspend Mr. Seaman for 15 years and Mr. Seaman could have been sentenced to jail for up to six months and fined up to five hundred dollars.

So, considering the statutory penalties that were available to the judge, I cannot find — I do not find that it's an abuse of discretion for him to try probation with this five-year denial of driving license privileges.

The defendant has appealed to this court and assigns as error the district court's finding that the county court did not abuse its discretion by including in the order of probation the requirement that the defendant not operate a motor vehicle for the entire 5-year period of probation.

Relying on Neb. Rev. Stat. § 39-669.07(c) (Reissue 1988), the defendant contends that because he was sentenced to probation, his driver's license could have been suspended for only 1 year. Section 39-669.07(c), which is now codified at § 39-669.07(2)(c) (Cum. Supp. 1990), provides that if a person, upon conviction of driving under the influence of alcoholic liquor,

has had two or more convictions under this section in the

> ten years prior to the date of the current conviction . . . such person shall be guilty of a Class W misdemeanor, and the court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period. . . .
>
> If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of one year, and such order of probation shall include as one of its conditions confinement in the city or county jail for seven days.

A Class W misdemeanor for third-offense driving while intoxicated is punishable by 3 to 6 months' imprisonment and a $500 fine. See Neb. Rev. Stat. § 28-106(1) (Reissue 1989).

The defendant asserts that his license should have been suspended for only 1 year because the trial court placed him on probation. He argues that if the Legislature had intended the court could revoke his license for more than 1 year while placing him on probation, the statute would have read that as one of the conditions of probation, the court shall order such person not to drive " 'for a period of <u>at least</u> one year.' " Brief for appellant at 4.

In 1982, the Legislature amended § 39-669.07 by adding the language requiring that as a condition of probation for third-offense driving while intoxicated, the court must order a defendant not to drive in Nebraska for any purpose for a period of 1 year.

The primary purpose of the 1982 amendment was to get drunk drivers off the road. See Judiciary Committee Hearing, L.B. 568, 87th Leg., 2d Sess. (Jan. 19, 1982).

In floor debate on the 1982 amendment it was stated:

> The judge is not required to permanently suspend. All the law requires, all the bill requires as currently written is a mandatory one year suspension for third offenders. So the

judge has the option of suspending it for one year up to permanent but he is not required to suspend it permanently.

Floor Debate, 87th Leg., 2d Sess. 10164 (Apr. 5, 1982).

In referring to the requirement of revocation of a driver's license for 1 year and confinement in the city or county jail for 7 days as conditions of probation or sentence suspension upon conviction of third-offense driving while intoxicated, one of the cosponsors of L.B. 568 stated: "We do not limit the courts in what they can do on probation. We are saying to the courts you must do at least these two things. If you wish to take probation further you may do so." *Id.* at 10105.

Although § 39-669.07 does not contain the language suggested by the defendant, it is clear from the legislative history that the Legislature intended that as a condition of probation for a conviction of third-offense driving while intoxicated, the trial court could revoke the defendant's driver's license for more than 1 year.

[I]n construing a statute, this court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose.

*State v. Burnett*, 227 Neb. 351, 353, 417 N.W.2d 355, 357 (1988).

Relying on Neb. Rev. Stat. § 29-2262(2)(p) (Reissue 1989) and *State v. Nuss*, 190 Neb. 755, 212 N.W.2d 565 (1973), the defendant further argues that even if § 39-669.07 does not preclude a suspension of longer than 1 year, the trial court had no authority to order his license suspended for more than 1 year because that condition is not reasonably related to the defendant's rehabilitation.

Section 29-2262 provides in pertinent part:

(1) When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life.

(2) The court, as a condition of its sentence, may

require the offender:

. . . .

(p) To satisfy any other conditions reasonably related to the rehabilitation of the offender.

We believe the 5-year revocation of the defendant's driving privileges was reasonably related to his rehabilitation, and it was not an abuse of the trial court's discretion to impose such a condition.

The defendant has been convicted three times of driving while under the influence. In view of his record of traffic and other offenses and his history of drunk driving, the condition that he not drive during the entire period of his probation was reasonable.

The judgment is affirmed.

AFFIRMED.

FAHRNBRUCH, J., not participating.