**JACKSON STATE BANK, a Wyoming Banking Corporation, Appellant (Plaintiff),**

v.

**Frank A. HOMAR; Sally Homar; Paul Homar; and Linda Martin, d/b/a Flat Creek Holdings, Appellees (Defendants).**

No. 91–134.

Supreme Court of Wyoming.

Aug. 28, 1992.

Mayo Sommermeyer, Timothy J. Dow, Thomas K. Higley of Anderson, Sommermeyer, Wick & Dow, Fort Collins, Colo., and David K. Larson of Mullikin, Larson & Swift, Jackson, for appellant.

Robert B. Ranck and William P. Schwartz of Ranck & Schwartz, Jackson, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Jackson State Bank appeals the district court's denial of its motion to stay proceedings and for arbitration in a dispute concerning an arbitration clause in a lease agreement involving appellees Frank A. Homar, Sally Homar, Paul Homar and Linda Martin, d/b/a Flat Creek Holdings and Chad R. Budge.

We reverse the lower court's denial and remand this case for arbitration.

## ISSUES

Appellant presents the following issues on appeal:

I. Whether § 1–36–104(a) W.S.1977, as amended, requires a plaintiff to allege in his complaint that the opposing party has refused to arbitrate.

II. Whether a plaintiff waives the right to arbitrate by filing a lawsuit to compel arbitration and to obtain a declaration with respect to the rights of the parties.

III. Whether actions indicating a possible intention to waive a right to arbitrate constitute an effective waiver absent a showing of prejudice to the party seeking to avoid arbitration.

IV. Whether a broadly worded arbitration agreement can be avoided by means of counterclaims which are based nominally on fraud, negligent misrepresentation or other non-contractual theories.

---

* Chief Justice at the time of oral argument.

Appellees present the issues for review quite simply as:

I. Whether the District Court properly denied the Bank's motion to stay proceedings and to compel arbitration.

### FACTS

On June 1, 1975, Flat Creek Enterprises entered into a lease agreement with Jackson Food Market, Inc., (Market), a grocery business operated by Brent and Kathy Morris. Flat Creek leased to Market certain property owned by Flat Creek in Teton County for a period of fifteen years with two options to extend the lease for two successive periods of five years each. Now doing business as Flat Creek Holdings, this Wyoming general partnership includes Frank A. Homar, Sally Homar, Linda Martin, and Paul Homar. The lease agreement was modified in 1976 with respect to the property description only. In 1977, the Market borrowed money from Jackson State Bank (Bank), secured partially by assignment of its leasehold interest in the Flat Creek property, through a pledge of lease, to which Flat Creek gave its consent. The principals of the grocery business, Brent and Kathy Morris, died in an airplane crash in 1979, and the Market ceased doing business. With the loan to the Market in default, the Bank looked to the lease as security on the note and became the successor in interest to the Market on the lease.

In 1980, the Bank subleased the Flat Creek property previously occupied by the Market to Chad R. and Cynthia M. Budge. An addendum was executed by Flat Creek and the Bank in 1981 to modify the 1975 lease, adjusting the rent and changing the use of the premises. In 1990, at the expiration of the original fifteen-year lease term, a dispute arose between the Bank and Flat Creek concerning the rental amount due for the renewal term and negotiations ensued. The Budges continued to occupy the premises and, with the Bank, became holdover tenants beyond the lease expiration date. In the original 1975 lease, paragraphs 4(b) and 29 contain provisions requiring the parties to arbitrate any dispute over the amount of the renewal rent or rights, duties or liabilities of either party. Six letters changed hands between the parties from June 11 to December 4, 1990, concerning arbitration of the parties' disputes under the lease.

The Bank filed a complaint in district court on December 3, 1990, and an amended complaint on December 21, 1990, referencing the arbitration provisions in the lease and seeking to compel arbitration of the renewal rent amount and issues of breach or default of the modified June 1, 1975 lease. The complaint sought a judgment declaring and adjudicating the respective rights of the parties concerning the pledge of lease as collateral and the June 1, 1975 lease, including its modifications and addenda and declaring appellant entitled to continued possession and sublease of the premises. The complaint also sought a judgment against Chad R. Budge declaring the renewal rent owed to be determined by arbitration. Appellees presented counterclaims and crossclaims seeking rescission of the lease for material breaches by appellant; damages as a result of appellant's breach of the pledge of lease as collateral; damages including punitive damages for negligent misrepresentation, fraud, constructive fraud, breach of fiduciary duty, negligence, and bad faith; conversion and wrongful detainer against the Bank and Budges; declaratory relief adjudging that the Bank and Budges have no rights under the lease and injunctive relief ordering the Bank and Budges to relinquish the Flat Creek property; and costs associated with this suit. Appellees did not assert the right to arbitrate issues under the lease.

Appellees demanded a jury trial of all issues on January 2, 1991, and served upon appellant interrogatories and request for production of documents. On January 18, 1991, appellant filed a reply to appellees' counterclaims which asserted that all claims should be arbitrated, requested the dismissal of the counterclaims pending arbitration, and demanded a jury trial on the issue. Appellant served upon appellees interrogatories and a request for production of documents. On February 13, 1991, ap-

pellant filed a motion for stay of proceedings and for arbitration. Appellant's motion for protective order regarding appellees' discovery requests was filed on February 15 and denied by the trial court. A later motion for stay of discovery and protective order was filed by appellant on March 29, 1991, also denied by the trial court. Upon stipulation by the parties the district court dismissed, with prejudice, all claims against Chad R. Budge. Appellant's motion for stay of proceedings and arbitration was denied on May 1, 1991. The district court determined appellant's complaint and amended complaint to be deficient under Wyo.Stat. § 1–36–104 (June 1988) for failure to show appellees' refusal to arbitrate and surmised that the act of filing the complaint waived appellant's right to arbitrate its claim. The district court stated, in pertinent part:

> It appears to this Court that the Plaintiff's Complaint and Amended Complaint were deficient in raising the arbitration issue in that they did not allege a refusal of the Defendants to arbitrate.

> \* \* \* \* \* \*

> Filing suit certainly evidences an intention not to rely on redress on the agreement to arbitrate. Even if a plaintiff does intend to rely on arbitration, filing such a complaint amounts to an attempt to preserve two inconsistent remedies. When a prospective plaintiff is aware of his arbitration rights, he should be required to choose between arbitration and litigation as a forum for resolving his grievances. This position does not take from the plaintiff either his arbitration rights or his opportunity to attempt to shift the dispute to a judicial forum; it merely requires him to do one or the other at the outset of the dispute. *Southern California Law Review*, Vol. 52; 1513 at Pg. 1545.

The Plaintiff seeks to avail itself of two inconsistent remedies in this matter; arbitration and litigation. By filing the lawsuit in this matter in the fashion it did, and proceeding to litigate this matter for two and one-half months, the Plain-

tiff has now waived its right to arbitration.

Considering the order denying motion to stay proceedings and compel arbitration appealable as a final order under Wyo.Stat. § 1–36–119(a)(i), appellant filed this appeal.

## DISCUSSION

I. Failure to allege opposing party's refusal to arbitrate under Wyo.Stat. § 1–36–104(a)

The original 1975 lease between Flat Creek and the Market contained the following clauses:

> 4(b) *Extended Term.* In the event the Tenant exercises his options to extend the term of this lease as hereinabove set forth, the rental for each such extended term shall be agreed upon by the parties, or if there is a dispute with respect to the fixing of such rental, then the issue with respect thereto shall be determined by arbitration as provided for in this lease. It is understood and agreed that each extended term shall be upon the same terms and covenants and conditions as provided herein except for the rental.

> 29. *ARBITRATION.* In the event the parties are unable to agree to the rental for extended terms of this lease as provided above, or in the event of any controversy which shall arise between the Landlord and the Tenant regarding the right[s], duties, or liabilities hereunder of either party, the same shall be submitted to arbitration and settled thereby pursuant to the provisions of the Uniform Arbitration Act of the State of Wyoming.

Appellant's complaint sought to compel arbitration of the renewal rent amount and issues of breach or default under the lease and also sought a declaratory judgment concerning the respective rights of the parties involving the pledge of lease as collateral and the original lease.

Wyoming arbitration statutes contain procedural provisions regarding the duty of the court when presented with application of a party to arbitrate. In pertinent part, one statutory provision provides:

> (a) *On application of a party showing an arbitration agreement and the op-*

*posing party's refusal to arbitrate*, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to determine the issue raised and shall order or deny arbitration accordingly.

Wyo.Stat. § 1–36–104(a) (emphasis added).

 The right to submit a dispute to arbitration is contractual. *T & M Properties v. ZVFK Architects and Planners*, 661 P.2d 1040, 1044 (Wyo.1983) (citing *Panhandle Eastern Pipeline Co. v. Smith*, 637 P.2d 1020 (Wyo.1981)). No party is required to arbitrate a dispute unless the parties have bargained for this procedure as a method of resolve. *Hot Springs Co. Sch. Dist. No. 1 v. Strube Constr. Co.*, 715 P.2d 540, 547 (Wyo.1986); *Am. Nat'l Bank of Denver v. Cheyenne Housing Authority*, 562 P.2d 1017, 1020 (Wyo.1977) (citing *Oil, Chemical & Atomic Workers Int'l Union, Local 2–124 v. Am. Oil Co.*, 528 F.2d 252, 254 (10th Cir.1976)). Through reference to the arbitration provisions of the lease, appellant's complaint and amended complaint clearly demonstrated the existence of an arbitration agreement between the parties. However, the district court interpreted Wyo.Stat. § 1–36–104(a) to mean that a party applying to the court must show *both* an arbitration agreement *and* the opposing party's refusal to arbitrate and found appellant's complaint deficient for its failure to include appellees' refusal to arbitrate.

We are asked to interpret the meaning of Wyo.Stat. § 1–36–104(a), a question of first impression for this court. We begin our analysis of the application to the court to compel arbitration under that statute with discussion of the scope of rules in the Wyoming Rules of Civil Procedure:

1. Wyo.R.Civ.P. 3(a) states: "How commenced.— A civil action is commenced by filing a complaint with the court."

2. Effective March 24, 1992, Wyo.R.Civ.P. 8(a) reads:
 (a) *Claims for relief.*—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain: (1) a short and plain

These rules govern procedure in all courts of record in the State of Wyoming, in all actions, suits or proceedings of a civil nature, in all special statutory proceedings except as provided in Rule 81, and in all appeals in criminal cases. * * * They shall be construed to secure the just, speedy and inexpensive determination of every action.

Wyo.R.Civ.P. 1.

It is clear that the Wyoming Rules of Civil Procedure apply to actions in arbitration. Rule 3 provides for the initiation of such actions through the filing of a complaint.[1] Appellant's actions were consistent with the rules in this respect. The general rules of pleading under Wyo. R.Civ.P. 8 demonstrate the requirements of a claim:

(a) *Claims for relief.*—A pleading which sets forth a claim for relief whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a demand for judgment for the relief to which he deems himself entitled.[2]

(e) *Pleading to be concise and direct; consistency.*

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

 Notice pleading is recognized by Wyo.R.Civ.P. 8(a)(1). *Johnson v. Aetna Cas. & Sur. Co. of Hartford, Conn.*, 608 P.2d 1299, 1302 (Wyo.1980). "This court identified as fundamental the obligation of every pleader to apprise his adversary of the nature of the claim against him." *Glover v. Giraldo*, 824 P.2d 552, 556 (Wyo. 1992) (citing *Glover v. Berger*, 75 Wyo. 191,

statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

201, 294 P.2d 793, 796, 60 A.L.R. 2d 583, 589 (1956)). The specificity standard of the rule is satisfied where a complainant provides the opposing party fair notice of the claims against him. *Lynch v. Patterson,* 701 P.2d 1126, 1134 (Wyo.1985) (citing *Guggenmos v. Tom Searl–Frank McCue, Inc.,* 481 P.2d 48, 51–52 (Wyo.1971)). Technical forms of pleading are not required under the rules, therefore, pleadings must be liberally construed to ensure substantial justice. *Harris v. Grizzle,* 599 P.2d 580, 583 (Wyo.1979) (citing *Sump v. City of Sheridan,* 358 P.2d 637, 641–43 (Wyo.1961)).

Arbitration is strongly embedded in the public policy of this state and is favored by this court as a voluntary method to settle disputes in an inexpensive and expeditious manner without resort to strict rules of law and the rigid formality of a tribunal. *Hot Springs,* 715 P.2d at 547; *T & M Properties,* 661 P.2d at 1043; *Am. Nat'l Bank,* 562 P.2d at 1020; *Matter of Town of Greybull,* 560 P.2d 1172, 1175 (Wyo.1977); *Riverton Valley Elec. Ass'n v. Pacific Power & Light Co.,* 391 P.2d 489, 495 (Wyo.1964).

■ The district court found waiver of the right to arbitration through appellant's failure to plead the opposing party's refusal to arbitrate under Wyo.Stat. § 1–36–104(a). In determining the intent of the legislature, "we give effect to every word, clause and sentence and construe all components of a statute in pari materia." *City of Laramie v. Facer,* 814 P.2d 268, 270 (Wyo.1991). In doing so, we must be cognizant of the "statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose." *Facer,* 814 at 270, n. 4 (quoting *State v. Burnett,* 227 Neb. 351, 417 N.W.2d 355, 357 (1988)). Mindful of these axioms in light of the strong public policy favoring arbitration, we find it unnecessary to engage in extensive parsing of the clause at issue in Wyo. Stat. § 1–36–104(a). To read the statute to require the moving party's complaint to include the opposing party's refusal to arbi-

trate frustrates the legislative intent, negates the public policy favoring arbitration and is simply pointless. We agree with appellant that filing the complaint to compel arbitration is self evident of the opposing party's refusal to arbitrate and find that appellant's complaint was sufficient as an application to compel arbitration under Wyo.Stat. § 1–36–104(a).

## II. Waiver of the right to arbitrate

### a. *Filing lawsuit to compel arbitration*

■ We have recognized that a contractual right to arbitration may be waived either expressly or implicitly. *Burton–Dixie Corp. v. Timothy McCarthy Constr. Co.,* 436 F.2d 405 (5th Cir., 1971); *Panhandle,* 637 P.2d at 1024–25 (citing *Spain v. Houston Oilers,* 593 S.W.2d 746 (Tex.Civ. App.1979)). Courts closely scrutinize and will not lightly infer claims of waiver, preferring instead to "indulge every intendment to give effect to [arbitration] proceedings." *Christensen v. Dewor Developments,* 33 Cal.3d 778, 661 P.2d 1088, 1090, 191 Cal.Rptr. 8, 10 (1983) (quoting *Keating v. Superior Court of Alameda Co.,* 31 Cal.3d 584, 604–05, 645 P.2d 1192, 183 Cal. Rptr. 360, (1982)).

■ The constituents of waiver are identified as (1) an existing right; (2) knowledge of that right; and (3) an intent to relinquish it. *Ramirez v. Metropolitan Life Insurance Co.,* 580 P.2d 1136, 1138 (Wyo.1978). This court has determined waiver to be "the intentional relinquishment of a known right and must be manifest in some unequivocal manner * * *" *Baldwin v. Dube,* 751 P.2d 388, 392 (Wyo. 1988).

■ Courts that have considered the waiver issue have not agreed on one certain test to establish the existence of waiver by a party. Note, Frederick Mark Gedicks, *Contractual Agreements to Arbitrate Disputes: Waiver of the Right to Compel Arbitration,* 52 S.Cal.L.Rev. 1513, 1527 (1979). Factors included in the determination have been "whether the party seeking arbitration (1) has 'previously tak-

en steps inconsistent with an intent to invoke arbitration,' (2) 'has unreasonably delayed' in seeking arbitration, (3) or has acted in 'bad faith' or with 'wilful misconduct.' " *Christensen*, 661 P.2d at 1090–91, 191 Cal.Rptr. at 10.

Another factor weighed is whether merely filing the suit as opposed to actually litigating the merits, results in waiver. *Doers v. Golden Gate Bridge, Highway & Transp. Dist.*, 23 Cal.3d 180, 588 P.2d 1261, 1265, 151 Cal.Rptr. 837 (1979). And finally, the presence or absence of prejudice to the opposing party has been considered. *Christensen*, 661 P.2d at 1091, 191 Cal. Rptr. at 10–11.

The district court relied on *Christensen* to support its finding that appellant waived its right to arbitrate by filing the complaint. However, despite the conclusion of the district court, we find the facts in *Christensen* to be markedly different from those in the case at bar. In that case, plaintiffs filed a thirty-two page complaint stating seven causes of action including breach of contract, promissory estoppel, intentional and negligent misrepresentation, intentional and negligent interference with prospective economic advantage, and piercing of the corporate veil. Plaintiffs also asserted the right to arbitrate under the contract for purposes of discovery, only to later dismiss this complaint without prejudice. *Christensen*, 661 P.2d at 1090, 191 Cal.Rptr. at 9–10. In contrast, here the Bank sought to compel arbitration under the lease and a declaratory judgment determining the respective rights of the parties. Flat Creek responded with a thirty-four page counterclaim, enumerating eleven claims for relief with no mention of the right to arbitrate under the lease, followed by an extensive request for discovery and production of documents.

The Bank's reply to Flat Creek's counterclaim asserted that all claims should be arbitrated and all counterclaims dismissed pending arbitration. The Bank objected to appellees' request for production of documents and, on February 15, 1991, filed a motion for protective order regarding Flat Creek's discovery requests which was denied. On March 29, 1991, the Bank filed another motion for stay of discovery and protective order noting the more limited scope of discovery allowed under Wyo.Stat. § 1–36–109(a) than that pursued by Flat Creek under Wyo.R.Civ.P. 30. That motion was also denied by the district court.

■ We consider first the three *Christensen* factors. Unlike *Christensen*, appellant did not initiate the claim in order to have some feel for Flat Creek's position with intentions to dismiss the action. *Christensen*, 661 P.2d at 1090, 191 Cal. Rptr. at 9–10. It is clear that the Bank has not acted inconsistently with an intent to arbitrate. As we have previously noted, filing the complaint was appropriate under Wyo.Stat. § 1–36–104(a) to initiate the arbitration claim and was not done after unreasonable delay. The Bank filed the claim to compel arbitration on December 3, 1990, following the expiration of the original lease on May 31, 1990, and following an exchange of six letters between the parties discussing arbitration. Once the claim was made, the Bank's subsequent actions, including assertion of the right to arbitration of claims and motions for protective orders, stay of proceedings and to compel arbitration, do not indicate bad faith, wilful misconduct (indeed none was found by the district court) or waiver, but instead show evidence of continued interest in preserving the right to arbitrate the issues.

It is equally clear from the course of the proceedings that actual litigation on the merits of the issues has not occurred. Appellant did not waive the right to arbitration of the issues by merely filing a complaint to compel arbitration as so entitled to do under Wyo.Stat. § 1–36–104(a).

b. *Waiver on showing of prejudice to the opposing party*

Some courts have found that waiver may exist absent a judgment on the merits if a demonstration of prejudice to the opposing party is shown:

This result is fully consistent with federal cases which have held that "as an abstract exercise in logic it may appear that it is inconsistent for a party to participate in a lawsuit for breach of a con-

tract, and later to ask the court to stay that litigation pending arbitration. Yet the law is clear that such participation, standing alone, does not constitute a waiver for there is an overriding federal policy favoring arbitration. * * * [M]ere delay in seeking a stay of the proceedings without some resultant prejudice to a party cannot carry the day."

*Keating,* 31 Cal.3d at 605–06, 645 P.2d at 1204, 183 Cal.Rptr. at 372–73 (quoting *Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 696 (2d Cir.1968)) (citations omitted). *See also, Shinto Shipping Co. v. Fibrex & Shipping Co.,* 572 F.2d 1328, 1330 (9th Cir.1978).

The factor of prejudice to the opposing party as evidence of waiver has not been previously considered by this court but has been discussed by federal courts considering the issue. *See* Note, *Contractual Agreements to Arbitrate Disputes: Waiver of the Right to Compel Arbitration, supra,* 52 S.Cal.L.Rev. at 1531.

■ In order to waive the right to arbitrate, a party "must actively participate in a lawsuit ' in a manner inconsistent with the right to arbitrate such that there is prejudice to the other party.' " *Finkle and Ross v. Becker Paribas, Inc.,* 622 F.Supp. 1505, 1511 (S.D.N.Y., 1985) (quoting *Rush v. Oppenheimer & Co.,* 606 F.Supp. 300, 301 (S.D.N.Y., 1985)). Elements supporting prejudice include

(1) a party that seeks arbitration engages in extensive discovery that is not available in arbitration; (2) when the party seeking arbitration causes extensive expense and delay by litigating continuously in court before seeking arbitration; and (3) when a party has continued so far in the litigation that a chance to arbitrate after sensing an adverse decision would in effect give that party another chance in a second forum.

*Rush,* 606 F.Supp. at 301.

An additional factor considered in the evaluation of prejudice has been whether a party has taken advantage of discovery procedures not available in arbitration. *Carcich,* 389 F.2d at 696 n. 7.

■ We have said that a "party should not be required to litigate disputes which

are subject to an arbitration agreement." *Am. Nat'l Bank,* 562 P.2d at 1020. This comports with our earlier and often stated policy favoring arbitration where parties have bargained by contract for the process.

■ "A motion to compel arbitration is simply a request for an order compelling specific performance of a part of the contract." 6 C.J.S. *Arbitration* § 39, at 232 (1975). Appellant initiated the complaint as an application to compel arbitration under Wyo.Stat. § 1–36–104(a), not with intent to litigate the issues or engage in "unilateral discovery" of Flat Creek's position, unlike the plaintiff in *Christensen.* In appellant's motion for stay of proceedings and protective order, note is taken that discovery initiated by Flat Creek under Wyo.R.Civ.P. 30, is much more extensive than that allowed under Wyo.Stat. § 1–36–109(a) governing discovery in arbitration. Any prejudice that may exist at this point appears to be the product of extensive discovery requests first initiated by Flat Creek and the district court's failure to compel arbitration or stay proceedings. Accordingly, Wyo. Stat. § 1–36–104(a) speaks to the duty of the court to "order parties to proceed with arbitration." Following Flat Creek's answer, requiring the parties to confer with the court to resolve the issue of right to arbitration and provide management for the case would have been prudent. *See* Wyo.R.Civ.P. 16.

Where a party has actively participated in a lawsuit in a manner inconsistent with the right to arbitrate, waiver has been found if prejudice to the opposing party has resulted. *Rush,* 606 F.Supp. at 301. Flat Creek complains of acquired expense to perpetuate the continued litigation of this issue when it could have insisted on its rights to arbitration under the lease. If monetary prejudice has resulted to Flat Creek as a consequence of its own litigious actions, blame for that result cannot be laid at appellant's feet.

III. Whether counterclaims of fraud, negligent misrepresentation and other non-contractual theories can avoid the arbitration agreement

Paragraph 29 of the original lease agreement states:

29. *ARBITRATION.* In the event the parties are unable to agree to the rental for extended terms of this lease as provided above, *or in the event of any controversy which shall arise between the Landlord and the Tenant regarding the right[s], duties, or liabilities hereunder of either party,* the same shall be submitted to arbitration and settled thereby pursuant to the provisions of the Uniform Arbitration Act of the State of Wyoming.

(Emphasis added).

 This clause creates a broadly worded arbitration agreement. In essence, the parties have agreed to arbitrate any dispute arising from their relationship as landlord and tenant. In interpreting a contract, the parties' intent becomes our main focus. *True Oil Co. v. Sinclair Oil Corp.,* 771 P.2d 781, 790 (Wyo.1989) (citing *State v. Moncrief,* 720 P.2d 470 (Wyo.1986)); *Amoco Prod. Co., v. Stauffer Chemical Co. of Wyoming,* 612 P.2d 463, 465 (Wyo. 1980.) We have said: "If an agreement is in writing and the language is clear and unambiguous, the intention is to be secured from the words of the agreement." *Nelson v. Nelson,* 740 P.2d 939, 940 (Wyo. 1987). In *N & D Fashions, Inc. v. DHJ Industries, Inc.,* 548 F.2d 722 (8th Cir. 1976), the parties had agreed to a very similar arbitration clause. The court in that case held: "While N & D's claim is nominally based on fraud and misrepresentation rather than breach of contract, it plainly arises 'in relation to' the contract, and so is within the scope of this broad arbitration clause." *N & D,* 548 F.2d at 728.

All of the counterclaims asserted by Flat Creek concern the lease and the relationship of the parties under the lease. We hold that the parties have said what they intend: to submit to arbitration any dispute relating to their relationship under the lease.

### CONCLUSION

We hold that the district court erred in finding the Bank's complaint as an application to compel arbitration under Wyo.Stat.

§ 1–36–104(a) deficient for failure to assert appellees' refusal to arbitrate. Filing a complaint is an appropriate procedure to compel arbitration and appellant did not waive its rights to arbitration by doing so. We find no prejudice to Flat Creek and remand this case for arbitration of all disputes arising under the lease.

CARDINE, J., files a dissenting opinion.

CARDINE, Justice, dissenting.

I dissent.

When the agreement of the parties which is the subject of their dispute provides for arbitration, the logical and usual procedure is that a party wishing to arbitrate demands arbitration without filing suit. If the adverse party files suit, then arbitration is demanded at the time of answer. In this case, appellant did neither of the above. Appellant elected to sue without asserting a right or desire to arbitrate. I would affirm the decision of the district judge that waiver of the right to arbitrate resulted.